LEWIS ET AL., TRUSTEES, *v.* REYNOLDS, COLLECTOR OF INTERNAL REVENUE.

No. 115. Argued December 8, 9, 1931.—Decided January 4, 1932.

*Mr. N. E. Corthell* for petitioners.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher, Messrs. Whitney North Seymour* and *Sewall Key,* and *Miss Helen R. Carloss* were on the brief, for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

Petitioners sued the respondent Collector in the United States District Court for Wyoming, September 20, 1929, to recover $7,297.16 alleged to have been wrongfully exacted as income tax upon the estate of Cooper.

February 18, 1921, the administrator filed a return for the period January 1 to December 12, 1920, the day of final settlement. Among others, he reported deductions for attorney's fees, $20,750, and inheritance taxes paid to the State, $16,870. The amount of tax as indicated by the return was paid.

November 24, 1925, the Commissioner, having audited the return, disallowed all deductions except the one for attorney's fees and assessed a deficiency of $7,297.16. This sum was paid March 21, 1926; and on July 27, 1926, petitioners asked that it be refunded.

A letter from the Commissioner to petitioners, dated May 18, 1929, and introduced in evidence by them, stated that the deduction of $20,750 for attorney's fees had been improperly allowed. He also set out a revised computation wherein he deducted the state inheritance taxes. This showed liability greater than the total sums theretofore exacted. The Commissioner further said: "Since the correct computation results in an additional tax as indicated above which is barred from assessment by the statute of limitations your claim will be rejected on the next schedule to be approved by the commissioner."

The trial court upheld the Commissioner's action and its judgment was affirmed by the Circuit Court of Appeals.

Counsel for petitioners relies upon the five year statute of limitations (Rev. Act. 1926, § 277).[1] He maintains

---

[1] "Sec. 277. (a) Except as provided in § 278 [not here important]—. . . (3) The amount of income, excess-profits, and war-

that the Commissioner lacked authority to redetermine and reassess the tax after the statute had run.[2]

After referring to § 284, Revenue Act of 1926, 44 Stat. 66, and § 322, Revenue Act of 1928, 45 Stat. 861, the Circuit Court of Appeals said [48 F. (2d) 515, 516]—

" The above quoted provisions clearly limit refunds to overpayments. It follows that the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax. This involves a redetermination of the entire tax liability. While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax. The action to recover on a claim for refund is in the nature of an action for money had and received, and it is incumbent upon the claimant to show that the United States has money which belongs to him."

We agree with the conclusion reached by the courts below.

While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded.

---

profits taxes imposed by . . . the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

[2] The opinion is printed here as amended by an order of February 15, 1932, to be published in the last part of this volume.

*Bonwit Teller & Co.* v. *United States,* 283 U. S. 258, says nothing in conflict with the view which we now approve.

*Affirmed.*