RAFAEL BUSCAGLIA, ETC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL ARCELAY DE LA ROSA, Intervener.

No. 157.   Argued January 15, 1948.—Decided May 17, 1948.

*Luis Negrón Fernández, Attorney General,* and *Carlos Santana Becerra,* and *Elmer Toro Luchetti, Assistant Attorneys General,* for petitioner.   *F. Fernández Cuyar* for intervener, complainant in the main action.

Mr. Justice Marrero delivered the opinion of the Court.

As we stated in the opinion delivered on March 5, 1947, in deciding certain motions of dismissal presented by the intervener in above—entitled proceedings, we issued the writ of certiorari to review certain rulings of the Tax Court adverse to the Treasurer on jurisdiction and on one substantive item.[1] As appears from the brief filed by that officer, they are to the effect that (1) the respondent court erred in dismissing the jurisdictional question set up by him in connection with the bond and also in holding that he was precluded from raising said question; (2) in passing on the deductibility of the item for interest, raised for the first time on appeal; (3) in deciding that the intervener could set up as a defense against any deficiency which might be sought to be assessed for the year 1938, the tax paid on an item for interest, the deduction of which was claimed for the first time in the amended petition of appeal; and (4) in eliminating the penalty for fraud, on the ground that the same had not been duly raised.

On January 13, 1942, the intervener herein, Rafael Arcelay de la Rosa, filed with the extinct Court of Tax Appeals a complaint, wherein it was alleged, in brief, that the Treasurer had notified to complainant a deficiency which arose out of the consolidation of the returns filed by him and his wife;[2] of the increase in the gross income by reason of certain rents, commissions, and interest received and not declared; and of deductions that were rejected. The Treasurer moved to dismiss the complaint on August 18, 1942, and the motion was denied by the Tax Court of Puerto Rico[3] on January 7, 1944.

---

[1] *Buscaglia, Treas.* v. *Tax Court,* 67 P.R.R. 12.

[2] Subsequently the Treasurer admitted that he was not entitled to consolidate the returns of the taxpayer and his wife for the year in controversy herein. See: *Casal* v. *Sancho, Treas.,* 53 P.R.R. 609 and *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460.

[3] The Court of Tax Appeals, created by Act No. 172 of May 13, 1941 (Sess. Laws, p. 1038) was substituted by the Tax Court, upon said Act being amended by Act No. 169 of May 15, 1943 (Sess. Laws, p. 600).

At this stage, the Treasurer of Puerto Rico did not file his answer until October 3, 1945. On May 9, 1946, Arcelay filed an amended complaint and mentioned therein for the first time two items of $11,833.35 and $351.03, respectively, on which he had overpaid taxes in his return corresponding to the year 1938, the subject matter of his appeal. Said items referred to interest paid to him by the White Star Bus Line, Inc., and subsequently rejected by the United States District Court for Puerto Rico upon said corporation being declared bankrupt. The amended complaint was filed with the consent of the Treasurer and with the authorization of the Tax Court.

Upon the case being set for hearing on June 6, 1946, the Treasurer raised the question of lack of jurisdiction, on the ground that Arcelay had failed to file the bond required by § 57(a) of the Income Tax Act.[4] The filing of a bond is of course, a jurisdictional prerequisite which should be complied with by every person before applying to the Tax Court for relief against a deficiency notified to the taxpayer by the Treasurer of Puerto Rico. *Mayagüez Lt., P. & I Co.* v. *Tax Court*, 65 P.R.R. 28. However, in both the original and the amended complaints filed by the intervener herein, he clearly and specifically alleged the filing of such bond in accordance with the provisions of the above-mentioned Section. The Treasurer confined himself to setting up the question relative to the lack of the bond and did not adduce any evidence in support of his contention. Since this is a jurisdictional question, the petitioner herein could, of course, raise it at any stage of the proceeding, and since the taxpayer alleged in his complaint that he had complied with such requisite, it was not sufficient for the Treasurer to set up the question, in the manner he did, but it was necessary that he introduce evidence[5] showing that, although the taxpayer had filed a bond,

---

[4] No. 74 of August 6, 1925 (Sess. Laws, p. 400).

[5] Cf. Rule 43 (e) of the Rules of Civil Procedure.

said bond was insufficient; that, consequently, the bond had not been approved by him; and, finally, that there had been a failure to comply with the pertinent provisions of the statute. If the Treasurer had adduced such evidence, the taxpayer would have been entitled to introduce evidence to overcome it. In the absence of such a showing by the said officer, the Tax Court acted correctly in dismissing the jurisdictional question thus raised by the Treasurer.

█ The second and third assignments, as we have already indicated, charge the respondent court with having erred in considering as deductible an item for interest on which the intervener paid a tax and in deciding that said taxpayer could set up, as a defense against any deficiency which may have been assessed to him for the year 1938, the tax paid on said item even though he claimed such deduction for the first time in his amended petition for appeal.

The taxpayer filed his tax returns for calendar years and the return pertaining to 1938, involved in this proceeding, was filed on March 15, 1939. When on May 9, 1946, he filed his amended complaint, in which he alleged for the first time his right to offset against the deficiency notified to him, the amount of the tax overpaid by him on certain interest credited to him by the White Star Bus Line, although not received from the latter, the four-year period—counted from the date of the payment of the tax—fixed by § 64(b) of the Income Tax Act had already elapsed. This Section reads as follows:

"(b) Except as provided in subdivision (c) of this section, (1) no such credit or refund shall be allowed or made after four years from the time the tax was paid, unless before the expiration of such four years a claim therefor is filed by the taxpayer, nor (2) shall the amount of the credit or refund exceed the portion of the tax paid during the four years immediately preceding the filing of the claim or, if no claim was filed, then during the four years immediately preceding the allowance of the credit or refund."

Therefore, the question to be determined is whether or not, in view of the fact that the said four-year period had

already elapsed at the time the taxpayer made his above-mentioned allegation, he is entitled to have the tax overpayment on unreceived interest taken into consideration when a readjustment for the year in dispute is made.

In *Lewis* v. *Reynolds,* 284 U.S. 281, 283, the Federal Supreme Court has stated that: "Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States (in an action for the refund of taxes instituted by the taxpayer) to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded." Commenting on the doctrine thus laid down, the textwriter Philip Zimet, in an article entitled "Tax Refund Claims and the Statute of Limitations," which appears in "Tax Law Review," vol. 1, p. 48, 1945–46, says:

". . . . there is for federal income tax purposes a fundamental concept that the law imposes the tax with reference to a fixed period of time. The annual period is a matter of necessity if the law is to be administered; it has been called the cornerstone of our tax structure. Now, our tax is not, though perhaps it may be, imposed on gross income; it is imposed on net income, for a proper determination of which many factors must be considered and combined. *If any factor has been incorrectly handled, the whole calculation must be made again. When recalculation is required, by either refund claim or assertion of deficiency, it ought to be as nearly correct as possible. . . ."* (Italics ours.)

It occurs to us that, if in cases of refund claims made by a taxpayer for a certain year the Government has a right to require that all the calculation be made again, and that any amounts not notified as deficiencies be included, despite the fact that the right to notify such deficiencies should have prescribed, it is entirely just and equitable that when the Government notifies a deficiency to a taxpayer, the latter, when making a refund claim, should be entitled to an investigation of the whole year covered by said deficiency and to a readjustment thereof, and that any overpayment should be also cred-

ited, notwithstanding the fact that pursuant to § 64(*b*) of the Act, the four-year period, counted from the date of the payment of the tax by the taxpayer, might have expired. Cf. *González Padín Co.* v. *Tax Court*, 66 P.R.R. 909.[6] In the instant case, Arcelay is entitled to a refund of the amount paid in excess, as a shield and not as a sword. The credit, of course, can not exceed the amount of the deficiency notified to him for the year in controversy.

■ Of course, the fact that the question relating to the payment of the tax on unreceived interest was raised for the first time in the amended complaint did not deprive the Tax Court of jurisdiction to entertain it. It is true that § 4 of Act No. 169 of 1943 provides that the jurisdiction of that tribunal can not be invoked until there has been a proper administrative decision on the matter rendered by the Treasurer of Puerto Rico. However, the complaint was amended with the consent of that officer, who subsequently objected to the claim for refund made by the taxpayer. Taking into consideration all those circumstances, the requirement of an administrative decision, provided by § 4, *supra,* was substantially complied with. *González Padín Co.* v. *Tax Court, supra,* especially at page 930. Consequently, the second and third errors assigned are nonexistent.

■ Regarding the question of fraud, the taxpayer clearly stated on repeated occasions, in both the original and the amended complaints, that the Treasurer had erred in imposing on him a 50–per cent penalty on that ground. In his answer the Treasurer confined himself to a denial of such charge, but did not make any specific allegation to the effect that the taxpayer had committed fraud in filing his return.

---

[6] In the case of *González Padín Co.* v. *Tax. Court, supra,* we made a careful and complete study of the doctrine of recoupment in tax matters. We considered incidentally therein the case of *Lewis* v. *Reynolds,* 284 U.S. 281, and we assumed, without deciding, its applicability to a claim for compensation made by the taxpayer, notwithstanding the fact that his right to successfully demand a refund had prescribed.

As is generally known, fraud should be alleged specifically and should be established by clear and convincing evidence. The fact that the taxpayer alleged that the Treasurer had charged him with fraud and that the latter denied such imputation is not tantamount to the specific allegation or to the clear and convincing evidence required by the authorities. Mertens, Law of Federal Income Taxation, vol. 10, § 55.19; Id., vol. 9, §50.67; *Nine* v. *Ortiz,* 67 P.R.R. 883, 894; *Heirs of Gómez* v. *Colón,* 63 P.R.R. 99, 101; *Texas Co. (P. R.) Inc.* v. *Estrada,* 50 P.R.R. 709; *Serrano* v. *Torres,* 61 P.R.R. 157 and *People* v. *Pietersz,* 61 P.R.R. 231.

On the other hand, § 3 of Act No. 169, *supra,* provides that the answer of the Treasurer of Puerto Rico to the complaints filed by the taxpayer ". . . contain a brief and clear statement of the allegations of fact and of law on which said officer bases his opposition to the taxpayer's complaint." Similar provisions are contained in Rule 8 of the Rules of Practice of the Tax Court and in subdivision (*b*) of Rule 9 of the Rules of Civil Procedure for the Courts of Puerto Rico, approved by this Court.[7] Therefore, because in accordance with the decisions one who charges fraud must specifically allege and prove it, and also because the Treasurer failed to comply in his answer with the provisions of the Act creating the Tax Court and of the above-mentioned rules, that tribunal acted correctly in eliminating the penalty for fraud charged against the taxpayer by the Treasurer.

The decision sought to be reviewed should be affirmed.

Mr. Justice De Jesús did not participate herein.

---

[7] By express provision of § 4 of Act No. 169 of 1943 (Laws of 1943, p. 606), the proceedings in the Tax Court are governed by the Rules of Civil Procedure.