ENRIQUE PETROVICH BOSCIO, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11143. Argued December 4, 1953.—Decided November 3, 1954.

*Córdova & González* for appellant. *J. B. Fernández Badillo,
Acting Attorney General,* and *J. C. Santiago Matos, Assist-
ant Attorney General,* for appellee.

Mr. Justice Pérez Pimentel delivered the opinion of the
Court.

Enrique Petrovich Boscio and his wife were silent part-
ners of Monllor y Boscio, Sucrs., *S. en C.,* a business part-
nership, during the calendar years 1940 to 1943 inclusive.
The partnership sustained losses in 1940, the amount of
which is in dispute but which we need not determine now
since it is irrelevant for present purposes.

On June 29, 1950, the Treasurer of Puerto Rico, now
Secretary of the Treasury, notified Petrovich of an income-
tax deficiency for the fiscal year 1941, aggregating $858.47.
That deficiency was based on the fact that the sum of
$4,041.52, corresponding to Petrovich and his wife as pro-
fits realized and not distributed by the partnership in 1941,
was not shown on the taxpayer's return for that year.

Feeling aggrieved by that determination, the taxpayer resorted to the former Tax Court of Puerto Rico, now Superior Court, alleging in his complaint that the deficiency did not lie because (1) the partnership's undistributed profits are not taxable to the partners under the law, and if they are, the law would be unconstitutional; (2) if such profits are taxable, the proportional share of the loss sustained by the partnership in 1940 should be deducted therefrom; and (3) "in 1942 and 1943 the partnership distributed to plaintiff and his wife the sum of $4,041.52, which defendant assessed to plaintiff in 1941 as undistributed profits of the partnership for that year, and that plaintiff reported those profits in the 1942 and 1943 returns, and on March 15, 1943 and 1944 paid a tax thereon greater than any deficiency which might now be determined for 1941, wherefore such deficiency is fully paid."

The complaint having been dismissed in its entirety, plaintiff took this appeal charging the lower court with the commission of the following errors:

"First. The Superior Court erred in holding that, for the purpose of determining the portion of the partnership net income taxable to the partners in 1941, the Treasurer properly refused to deduct the net loss sustained in 1940 from the partnership's 1941 gross gain.

"Second. The Superior Court erred in holding that the overpayments made in 1942 and 1943 should not be credited against the 1941 deficiency, and that there was no showing that the income taxed in 1942 and 1943 corresponded to the gains taxed in 1941."

■■ The question raised in the first assignment has already been decided by this Court against appellant. In *Calaf* v. *Secretary of the Treasury*, 76 P.R.R. 540, after stating that the "joint venture" and the "partnership" are regarded as identical entities for purposes of the tax law, we held that under § 9(b) of the Income Tax Act the net loss sustained by the joint venture is deductible by it but not

by its constituents. Referring to § 9 (*d*) of the Act, which provides that "The benefit of this Section shall be allowed to the members of a partnership, to an estate or trust, and to insurance companies subject to the tax imposed by sections 41 or 44 under regulations prescribed by the Treasurer," we said: "The provision of § 9 (*d*) that 'the benefit of this section shall be allowed *to the members of a partnership*' (italics ours), is undoubtedly a legislative lapsus. That lapsus was undoubtedly due to the fact that our Income Tax Act was patterned after the federal statute which, contrary to the Puerto Rican statute, does not tax partnerships directly. Section 9 (*d*) should not, however, be considered in isolated fashion, but must be construed together with the rest of the section of which it is a part, or with the rest of the law as a whole."

The first error was not therefore committed.

■ The second assignment charges that the lower court erred in not applying to the facts of the instant case the recoupment doctrine invoked by appellant as a defense against the 1941 deficiency. The facts on which his contention is based are essentially the following: At the end of the fiscal year 1939 and beginning of 1940 (the partnership filed returns for the fiscal year ending October 31) Monllor y Boscio, Sucrs., S. en C., had distributable profits amounting to $96,100.14. In 1940 the partnership sustained a loss of $47,853.41 and distributed profits totalling $14,416.74, so that at the end of that year and beginning of 1941 it still had a surplus of $33,829.99. In 1941 the partnership realized a gain of $118,380.96 and distributed only $12,500, ending the year with a surplus of $139,710.85. In 1942 it also realized gains, this time of $69,975.91, and distributed $91,326.15, so that at the beginning of 1943 its surplus was $118,360.61. Again in this year it had a gain of $16,984.27 and distributed $101,064.15 as profits. Appellant argues that these figures reveal that in 1942 the part-

nership distributed $21,350.24 in excess of its gains, and in 1943 it distributed $84,079.88 in excess of its gains, that is, in 1942 and 1943 the partnership distributed a total of $105,430.72 in excess of its gains in those two years. It is next argued that appellant's returns disclose that he reported his share of the amount distributed in those two years and paid taxes thereon. It is further argued that the sum of $105,430.72 represents profits realized in the years prior to 1942, and that that sum should be taken to correspond to the most recently accumulated profits (1941), but that, even though that amount is taken as corresponding to the oldest accumulated profits, according to the Treasurer's theory, only the sum of $33,829.99 is attributable to the years prior to 1941, and the balance of $71,600.73 would perforce be attributed to the gains realized in 1941 which were not distributed in that year. Appellant concludes thus: "Hence, according to the Treasurer's own theory of the sum of $105,430.72 which was distributed, reported, and taxed to the partners in 1942 and 1943, in excess of the amount which should have been reported and assessed to the partners in those two years, at least $71,600.73 represents profits realized and not distributed in 1941, which the Treasurer now encumbers by the contested deficiency. Therefore, the minimum amount which should be credited against the 1941 deficiency would be the tax paid by Petrovich in 1943 on his share of the $71,600.73 which is now taxed for 1941."

According to appellant's theory on the source of the accumulated profits, the $105,430.78 distributed in 1942 and 1943 in excess of those years' gains "are paid out of the most recently accumulated profits, namely, out of the $105,880.86 accrued in 1941." This being so, the entire tax paid by Petrovich in 1942 and 1943 on his share of the $105,430.72 distributed in those years in excess of those years' gains, must be credited against the deficiency which may be determined on his share of the 1941 undistributed partnership gains.

More simply stated, appellant's theory is that in 1941 the partnership realized profits which were not distributed,. on which he should have paid, and did not pay, the corresponding tax (source of the 1941 deficiency), but that when those very profits, or part thereof, were distributed in 1942 and 1943, he reported them and paid taxes thereon; and that if he were compelled to pay the 1941 deficiency he would be paying taxes twice on the same profits.

The recoupment doctrine, as stated in *González Padín Co.* v. *Tax Court*, 66 P.R.R. 909, and *Cía. Azucarera* v. *Tax Court*, 72 P.R.R. 850, "is founded on the equitable theory that all taxes and credits which arise out of the same transaction—whether the taxes or credits are paid or obtained in the same or in different years—should be adjusted without reference to the statute of limitations to prevent unjust enrichment for one party who is endeavoring to treat the same item inconsistently at different times."

In order that this doctrine may apply here, the facts must disclose that appellant has a credit in his favor and against the Government as a result of the taxes paid in excess in 1942 and 1943. We would then have to examine the facts in order to determine whether the requirement of "the same transaction" has been met. *González Padín Co.* v. *Tax Court, supra*. However, the latter is, in our opinion, unnecessary. The uncontroverted facts show at the most that the taxpayer paid taxes on the profits distributed by the partnership in 1942 and 1943, and that part of those profits were realized by the partnership in 1941 and not distributed in that year. The taxpayer does not deny that he was under duty to report his corresponding share of the profits realized by the partnership in 1941, and to pay tax thereon even though they were not distributed.[1] The Government did not

[1] Act No. 31 of April 12, 1941 (Sess. Laws, p. 478); *Buscaglia, Treas.* v. *Tax Court*, 69 P.R.R. 700; *Descartes, Treas.* v. *Tax Court*, 71 P.R.R. 230; *Buscaglia, Treas.* v. *Tax Court*, 70 P.R.R. 364. See, however, Act No. 425 of May 13, 1951 (Sess. Laws, p. 1134), and *Behn* v. *Domenech, Treas.*, 49 P.R.R. 790.

take the position that those profits were not taxable because of the fact that they had not been distributed, so that its subsequent action in notifying the 1941 deficiency can not be regarded as inconsistent.  However, the fact that the deficiency is based on profits realized and not distributed in 1941, and that those profits or part thereof were taxed in 1942 and 1943, does not in itself imply that the taxpayer has a credit against the Government if, in fact, he has not shown that he paid taxes in excess in 1942 and 1943.  These years are not in dispute, nor have they been opened for reauditing by any act of the Treasurer, nor were they under the consideration of the lower court.  Therefore, all the items therein shown, the income reported as well as deductions and exemptions claimed, cannot be re-audited in order to determine whether an overpayment resulted from including in those years the profits distributed by the partnership in those same years, in the event those same profits were taxable in 1941.  It was incumbent upon the taxpayer to prove that in 1942 and 1943 he overpaid the income taxes which by law he was bound to pay.  This he failed to do and, in the absence of such a showing, he cannot invoke the doctrine of recoupment.

If in acting upon a claim for refund, based on an overpayment made in a given year, the Secretary of the Treasury has authority to reaudit the entire year and all such items as are shown therein in order to ascertain whether such overpayment was made, which involves a redetermination of the entire tax liability, *Lewis* v. *Reynolds*, 284 U. S. 281, we fail to see how the taxpayer may claim, by way of recoupment, an overpayment based on only one of the items involved.  Obviously, the isolated determination of such item would not constitute sufficient basis for deciding whether or not an overpayment was made in the taxable year in question.

Since none of the errors assigned by appellant was committed, the judgment appealed from will be affirmed.