**Ralph E. LARRABEE and .Irene C. Larrabee, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 63–916–(Y) S–E–K.**

United States District Court
S. D. California,
Central Division.

Jan. 25, 1965.

Paul F. Marx, John E. Breckenridge, Angelo J. Palmieri, Santa Ana, Cal., and Paul L. Freese, of Kindel & Anderson, Los Angeles, Cal., for plaintiff.

Manuel L. Real, U. S. Atty., and Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

SOLOMON, District Judge.

This matter is before the Court on plaintiff's objections to the Government's interrogation of plaintiff, Ralph E. Larrabee, on matters relating to deducted business expenses other than those involving the yacht, Goodwill.

Plaintiffs brought this action to recover income taxes for the year 1954 which were paid after Internal Revenue disallowed expenses for his yacht. Plaintiffs made a timely application for refund which was disallowed. This action followed.

Government counsel seek to question Mr. Larrabee about business expenses unrelated to the yacht. They assert that because of plaintiff's alleged erroneous treatment of business expenses involving the yacht, they have serious doubts about the accuracy and reliability of all of plaintiff's books and records. Plaintiffs argue that the Government cannot raise these issues because Int.Rev.Code of 1954 §§ 6401 and 6402 prohibit it, and because the Government has not pleaded these issues as either defenses or counterclaims. Plaintiffs also urge that the Government is merely harassing them with these questions.

In Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932), the Supreme Court held that the Commissioner had the implied authority to reaudit a taxpayer's return in a refund action because the taxpayer "is not entitled to a refund unless he has overpaid his tax."

■ Although the wording of the sections (now 6401 and 6402) has been altered since the Supreme Court's opinion, the rationale is still the same. See Patterson v. Belcher, 5 Cir. 1962, 302 F.2d 289, 295. In my view, if the Commissioner has the authority to reaudit a return, the Government may question the taxpayer as to all matters relating to the return. The cases upon which plaintiffs rely are not in point. They merely prevent the Government from using tax liabilities of closed years to offset overpayments in other years. Here the

Government seeks to question the taxpayer about possible tax liabilities incurred in the year for which the tax refund is sought.

Under modern federal procedure, parties are permitted to freely amend their pleadings and assert new claims and defenses. If the deposition discloses additional tax liability, the Government probably will be permitted to file an amended answer. Furthermore, I do not believe that this inquiry is improperly motivated.

Plaintiff's objections to answering questions relating to deducted business expenses in his 1954 tax return are denied.