John G. SELLERS and Florence B. Sellers, Appellees,

v.

UNITED STATES of America, Appellant.

No. 79–1040.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1979.

Decided March 5, 1980.

Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D. C. (Gilbert E. Andrews, Stanley S. Shaw, Jr., Tax Div., Dept. of Justice, M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., William B. Cummings, U. S. Atty., Alexandria, Va., and

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., on brief), for appellant.

William F. Burnside, Virginia Beach, Va., for appellees.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

BUTZNER, Circuit Judge:

The United States appeals from a judgment of the district court granting John and Florence Sellers (taxpayers) a refund for taxes paid in 1965 and 1966. The issue on appeal is whether the district court properly allocated all of a limited partnership's losses to John Sellers. We reverse because we conclude that the Commissioner's allocation of 60 percent of the losses must be sustained.

## I

In 1964 John Sellers agreed to form a limited partnership with his brother, Frank. The partnership agreement designated John and his wife, Florence, limited partners and Frank the general partner (for clarity we will refer to the partners by their first names). Article IX(a) of the agreement provided that the limited partners were to share profits in the same proportion as they contributed to total partnership capital. No written provision was made for the general partner's share of profits nor for the allocation of losses to anyone. John and Frank assert, however, that when they formed the partnership, they orally agreed that all losses and profits would be allocated to the limited partners, and Frank would be paid a management fee.

John contributed funds for the downpayment on rental property. Frank made substantial capital contributions in the form of rental properties which he had previously acquired. He offset these contributions with the assignment of personal, pre-existing debts. Florence made no contributions.

For the years in question, the partnership's assets were primarily encumbered rental properties that were rapidly depreciated. As a result, the partnership required a relatively small cash outlay, and it suffered heavy losses. The taxpayers, John and Florence, who had a much larger taxable income than Frank, claimed as deductions all of the partnership losses for the years in question; Frank reported none. After the Commissioner allowed the taxpayers only 60 percent of the losses, they paid the assessed deficiencies and brought this action for a refund.

The district court credited the partners' testimony that they had orally agreed to allocate all partnership profits and losses to the limited partners. The court recognized that generally a partner's share of profit and loss is determined by the partnership agreement. I.R.C. § 704(a). The court found, however, that the oral agreement lacked any business purpose and that its only objective was the avoidance of taxes. It therefore refused to give effect to the oral agreement, citing as authority I.R.C. § 704(b)(2).[1] The court then ruled that the written partnership agreement allocated all profits to the limited partners. In the absence of a written agreement allocating losses, the court, as required by 26 C.F.R. § 1.761–1(c) (1979), applied Va.Code Ann. § 50–18(a) (1974) which allocates partnership losses on the same basis as profits. Consequently, the court held that the taxpayers were entitled to deduct all of the losses.[2]

## II

The district court correctly refused to allocate the losses in accordance with the partners' oral agreement. The record supports the court's findings of fact and ample

---

1. This case is governed by the Internal Revenue Code of 1954. For tax years beginning after 1976, § 704(b) was amended by § 213(d) of the Tax Reform Act of 1976, P.L. 94–455, 90 Stat. 1520.

2. The district court's opinions are reported as *Sellers v. United States*, 42 A.F.T.R.2d 5075 and 6257 (E.D.Va.1978).

precedent sustains its conclusion.[3] *See, e. g., Gregory v. Helvering*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935); *Boynton v. Commissioner*, 72 T.C. 1147 (1979); *Holladay v. Commissioner*, 72 T.C. 571 (1979); *Kresser v. Commissioner*, 54 T.C. 1621 (1970). *See also Sellers v. Commissioner*, 46 T.C.M. (P–H) 305 (1977).[4]

■ The parties do not question the district court's decision that Virginia law allocates losses among partners on the same basis that they share profits. They disagree, however, over the court's finding of fact: "Under the written partnership agreement, all the profits go to the limited partners." The government contends that this finding is clearly erroneous. We believe the government's position is sound.

The written partnership agreement contains no provision that entitles the limited partners to all of the profits. The only reference to the allocation of profits is in Article IX(a) which states:

> The share of profits or other compensation by way of income which each limited partner shall receive by reason of his contribution is as follows:

> (a) Such portion of the net income of the partnership as his initial and additional contribution relates to the *total* initial and additional contribution adjusted for the period of such contributions and the net income for such period. (emphasis added)

The contributions made by both Frank and John constituted the *total* contributions to which reference is made in Article IX(a). Frank's contribution, therefore, must be considered in determining the proportion of the losses which the taxpayers are entitled to claim as deductions.

Frank offset his contributions by assigning to the partnership his personal debts, including the mortgage on his residence, the balance he owed on a boat, indebtedness due other members of his family, life insurance loans, and indebtedness on other investments. These assignments reduced his capital account to a negative figure. This was done, the taxpayers explain in their brief, "to keep [Frank's] capital account with a debit (negative) balance in order that John . . . would be assured of all of the income and losses under any circumstances."

■ The Commissioner properly disregarded the assignments of these personal debts in computing the amount of Frank's capital contributions. The express or implied consent of all partners is required to convert a partner's personal, pre-existing debts into partnership debts. *United States v. Grubb*, 358 F.2d 508, 516 (9th Cir. 1966); *National Bank v. Cringan*, 91 Va. 347, 21 S.E. 820 (1895). The evidence does not disclose that John and Florence intended expressly or impliedly to obligate the partner-

**3.** *The district court's factual analysis is fully set forth in its first opinion and need not be repeated. Sellers v. United States*, 42 A.F.T. R.2d 5075 (1978). *The district court based its refusal to give effect to the oral agreement on I.R.C.* § 704(b)(2) *as enacted in 1954. We find no occasion to determine whether this was error, for the conclusion that the district court reached in this aspect of the case is fully sustained by the cases that we have cited in the text, quite apart from* § 704(b)(2). *See Holladay v. Commissioner*, 72 T.C. 571 (1979), 1 *Willis, Partnership Taxation*, 316–19 (1976).

**4.** *Sellers v. Commissioner*, 46 T.C.M. (P–H) 305 (1977), *dealt with the allocation of losses to*

Frank, the general partner, for 1964–1966 arising out of the same partnership that is the subject of this appeal. The Tax Court, like the district court, refused to give effect to the oral agreement; but, contrary to the district court, it allocated losses on the basis of the partners' contributions. *Sellers v. Commissioner*, of course, is not res judicata with respect to this tax refund suit, but it furnishes sound precedent. Referring to *Sellers v. Commissioner*, one commentator has observed that the case provides "a good blueprint of things not to do when attempting to allocate the bottom line loss to a limited partner." 1 *Willis, Partnership Taxation*, 129 (1980 Supp.).

ship for Frank's personal debts. The lack of proof that the partnership actually assumed Frank's personal debts coupled with the avowed reason for the assignment of his indebtedness establish that Frank's negative capital account has no real economic significance and that it was created solely to reduce John's taxes. Therefore, the assignments can play no legitimate role in determining the proper allocation of partnership losses among the partners. *Cf. Gregory v. Helvering*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935).

■ The taxpayers had the burden of proving the amount of the refund they were entitled to recover. *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932). They have not shown that they were entitled to deduct all of the partnership's losses, nor have they proved entitlement to a lesser proportion. Under these circumstances, the Commissioner's allowance of 60 percent of the losses must be accepted. *Compton v. United States*, 334 F.2d 212, 216 (4th Cir. 1964).

The judgment of the district court is reversed, and the case is remanded for entry of judgment in favor of the United States.