# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2307
_____

| | | |
|---|---|---|
| Stanley R. Henricksen, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Commissioner of Internal Revenue, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: January 4, 2002
Filed: January 16, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Businessman Stanley Henricksen appeals the district court's[1] adverse grant of summary judgment in his action contesting denial of tax refunds by the Internal Revenue Service (IRS). For the reasons stated below, we affirm the judgment of the district court.

In 1997, Henricksen timely filed refund claims based, as relevant, on a net operating loss (NOL) sustained in 1994 and carried back to 1991 and 1993. The IRS

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

disallowed his claims because Henricksen had sustained the NOL when he sold his trading card business inventory to his brother, a related party pursuant to I.R.C. § 267 (disallowing deduction of losses based on transactions between related parties, except where losses are sustained by corporations or distributees). In the district court, Henricksen contended that the IRS was time-barred from disallowing his claims, and that he fell under section 267's exception for distributees. The district court determined that Henricksen had not shown why the IRS was time-barred from disallowing his claims, and found that Henricksen was not a distributee within the meaning of section 267. For reversal, Henricksen renews his arguments below, adding a statute-of-limitations argument based on I.R.C. § 6532(b) (limiting time in which IRS may sue to recover erroneous refund).

After de novo review of the record, see Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999), we agree with the district court that the IRS was not time-barred from denying Henricksen's claims, see Lewis v. Reynolds, 284 U.S. 281, 283 (1932), and that Henricksen was not a distributee within the meaning of section 267. We also find that section 6532(b) does not support Henricksen's claims because he has not alleged that the IRS sued him to recover an erroneous refund for any of the tax years at issue.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.§