Benny and J. Ruth MULLINS, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 3:01–CV–171.

United States District Court,
E.D. Tennessee,
at Knoxville.

Aug. 16, 2002.

Bradley H. Hodge, Mack A. Gentry, Gentry, Tipton, Kizer & McLemore, PC, Knoxville, TN, for Benny Mullins, Ruth Mullins.

Jennifer L. Best, U.S. Department of Justice, Tax Division, Washington, DC, for Internal Revenue Service.

### MEMORANDUM AND ORDER

PHILLIPS, United States Magistrate Judge.

Before the court is defendant United States' motion for a protective order barring the deposition of Elaine Rhoton [Doc. 15], and defendant's motion for a protective order barring the Rule 30(b)(6) deposition of the Internal Revenue Service [Doc. 17]. The undersigned heard oral argument on the motions on August 5, 2002.

### I.

The United States requests a protective order barring the deposition of Elaine Rhoton in this case. In support of its motion, defendant states that this a tax refund suit in which plaintiffs seek to recover monies paid over to the United States as taxes. Defendant would show that tax auditor Velvet Cole performed the examination which disallowed deductions for plaintiff's expenses from cattle raising, based on her determination that plaintiffs did not engage in cattle raising with the intent of realizing a profit. The proposed deponent, Elaine Rhoton, is the appeals officer who reviewed the deficiency examination and evaluated the case for settlement purposes. Plaintiffs faxed a subpoena to the United States scheduling the deposition of Elaine Rhoton for May 31, 2002. The United States contends that Ms. Rhoton has no personal knowledge of the factual matters relating to plaintiffs' cattle

raising, therefore, her deposition is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs respond in opposition stating that defendant provided Ms. Rhoton's report as part of its Rule 26 initial disclosures, thereby identifying the report and its author as a document and an individual that defendant may use at trial to support its claims or defenses. Therefore, plaintiffs aver they should be allowed to discover Ms. Rhoton's knowledge of the facts in this case [Doc. 19].

Plaintiff's suit for refund is a *de novo* proceeding in which the court is required to undertake a comprehensive redetermination of plaintiff's income tax liabilities for the tax periods in dispute. *See Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932); *Cleveland Trust Co. v. United States,* 421 F.2d 475, 482 (6th Cir.1970). "The court does not review the action of the Commissioner, for there is in fact, no record to review.... Thus, the court does not sit in judgment of the Commissioner; the court places itself in the shoes of the Commissioner." *National Right to Work Legal Def. & Educ. Foundation v. United States,* 487 F.Supp. 801, 805 (E.D.N.C.1979).

At the hearing held in conjunction with the pending motion, counsel for the United States stated that defendant would not call Ms. Rhoton as a witness nor would defendant seek to introduce her report as evidence in this case. Plaintiffs have already deposed the tax auditor, Velvet Cole, who performed the IRS examination and who subsequently recommended that plaintiffs' deductions be disallowed. Based upon the statement of the government that neither the testimony of Ms. Rhoton nor her report will be relied on as evidence in this case, it does not appear to the undersigned that the deposition of Ms. Rhoton is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the United States' motion for a protective order barring the deposition of Elaine Rhoton [Doc. 15] will be **GRANTED at this time.** However, if during the course of discovery, it becomes apparent that Ms. Rhoton's report or testimony becomes relevant to the issues to be decided in this case, plaintiffs may request the court for an order to take her deposition.

## II.

■ The United States also seeks a protective order barring the Rule 30(b)(6) deposition of the Internal Revenue Service in this case. Defendant states that Velvet Cole is the only IRS representative with any personal knowledge of factual matters relating to plaintiff's cattle raising because she was the person who gathered the pertinent facts during the audit. Moreover, plaintiffs are in possession of all the facts relevant to the issue of whether plaintiffs were engaged in raising cattle with the primary purpose and intent of realizing a profit. Identification of legal issues and/or the opinions and conclusions of IRS employees is not a proper use of discovery, defendant argues. Therefore, the Rule 30(b)(6) deposition of the IRS is not reasonably calculated to lead to the discovery of admissible evidence and the court should bar plaintiffs from taking a Rule 30(b)(6) deposition of the IRS in this case.

Plaintiffs have responded in opposition, stating that in addition to seeking a refund of taxes paid for the years 1995, 1996, and 1997, they are also seeking a determination by the court that the government's position was not substantially justified, was arbitrary and unenforceable, and was without rational or evidentiary foundation. Plaintiffs aver that unless they are allowed to take appropriate discovery regarding the justification for the government's position, they will be unduly hamstrung in proving their theories on these issues, which form a substantial part of their case.

The government has argued that the Rule 30(b)(6) deposition of the IRS is not reasonably calculated to lead to the discovery of admissible evidence. The court does not agree. Plaintiffs are not asking the court to engage in a judicial review of the administrative action below, but rather seek to elicit testimony that the government's assessment was unjustified and without evidentiary foundation. The undersigned finds that plaintiffs' case would be unduly hamstrung were the court to deny discovery regarding the justification for the government's position.

Plaintiffs should be allowed to adduce evidence in order to establish their contention that the assessment was erroneous. The government will have ample opportunity to object to the disputed evidence when, and if, it is offered at trial. *See Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.) *cert. denied,* 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 303 (1975). Therefore, for the reasons stated, the United States' motion for a protective order barring the Rule 30(b)(6) deposition of the Internal Revenue Service [Doc. 17] is **DENIED.**

**IT IS SO ORDERED.**