**Dorothy L. RUPERT, Executor of the Estate of Rosie E. Knepp; and Dorothy L. Rupert and Omega Bank. N.A., Co–Trustees under Agreements of Trust of Rosie E. Knepp dated September 2, 1994 and July 13, 1994; Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV.A 1:CV–03–0421.**

United States District Court,
M.D. Pennsylvania.

Oct. 15, 2004.

Elizabeth J. Goldstein, Keefer, Wood, Allen & Rahal, LLP, Camp Hill, PA, Elyse E. Rogers, Keefer, Wood, Allen & Rahal, LLP, Camp Hill, PA, for plaintiffs.

Dara B. Oliphant, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Lorna N. Graham, U.S. Attorney's Office, Scranton, PA, for defendant.

## MEMORANDUM

CALDWELL, District Judge.

We are considering Plaintiffs' motion to compel the United States to release redacted portions of a memorandum prepared by an Internal Revenue Service ("IRS") Appeals Officer. (Doc. 15). On August 11, 2004, we issued an order requiring that the government submit "to the court a complete and unmarked copy of the memorandum for *in camera* inspection." *Rupert v. United States*, 2004 WL 2110383 at *3, 2004 U.S. Dist. LEXIS 17899 at *8 (M.D.Pa.2004). The government complied with the order, and we must now decide whether the deliberative process privilege and the work-product privilege apply to the redacted portions.

■ The deliberative process privilege applies to "confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice." *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir.1987)(citing *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 150–54, 95 S.Ct. 1504, 1516–1518, 44 L.Ed.2d 29 (1975)). It does not apply to factual information even if the document is privileged, so long as the information is severable. *Id.* If the court determines that the communication is privileged, it must then balance the interests of the parties. *Redland Soccer Club, Inc. v. Dept. of the Army of the United*

*States,* 55 F.3d 827, 854 (3d Cir.1995). The party seeking discovery can overcome the privilege by showing a "sufficient need for the material in the context of the facts or the nature of the case." *In re Grand Jury,* 821 F.2d at 959. When balancing the competing interests, courts should consider the: "i) relevance of the information sought to be protected; ii) availability of other evidence; iii) seriousness of the litigation and the issue involved; iv) role of the government in the litigation; [and] v) possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Redland,* 55 F.3d at 854 (quoting *First E. Corp. v. Mainwaring,* 21 F.3d 465, 468 n. 5 (D.C.Cir.1994)).

■ In order for the privilege to apply, the government must show that the memorandum is pre-decisional and deliberative. *Coastal States Gas Corp. v. Dept. of Energy,* 617 F.2d 854, 866 (D.C.Cir.1980). This must be demonstrated, however, by more than a bare conclusion or statement of privilege. *Redland,* 55 F.3d at 854 (citing *Schreiber v. Society for Savings Bancorp,* 11 F.3d 217, 221 (D.C.Cir.1993)). In determining whether or not the privilege applies, it is often appropriate to review the document *in camera.* *Id.* at 855.

■ Upon an *in camera* inspection of the redacted portion of the IRS memorandum, it is clear that the deliberative process privilege protects the redacted portion. The redacted portion outlines the recommendations of the IRS Appeals Officer, and it is clear that no final decision had been made concerning Plaintiffs' IRS appeal. Since no decision had been made before the filing of the current litigation, the recommendations of the Appeals Officer cannot be said to be the adopted policy of the IRS. *Coastal States,* 617 F.2d at 866 (noting that a pre-decisional document can lose that status if it is formally or informally adopted by the agency). Furthermore, the Appeals Officer's analysis and recommendations reflect his personal opinion of the Plaintiffs' IRS appeal and as such are clearly deliberative. *Id.* Therefore, the deliberative process privilege can be claimed by the government.

Our analysis does not end here. We now must decide whether the Plaintiffs have overcome the privilege by showing a sufficient need for the redacted portions. In doing so, we shall consider the factors previously indicated.

The government argues that the redacted portions of the memorandum are irrelevant. The Plaintiffs contend that the government waived relevance objections by disclosing portions of the memorandum. They argue that the government, by providing a portion of the memorandum, must disclose the remainder because waiver by implication, also known as subject matter waiver, prohibits the government from disclosing favorable portions of the memorandum and hiding behind privilege to redact the "section it would like to disown." Doc. 16, Brief in Support, at 9. In support of this argument, Plaintiff relies on *In re Keeper of Records,* 348 F.3d 16 (1st Cir.2003).

■ In that case, the First Circuit stated that almost all reported instances of implied waiver occurred because of a disclosure made during a judicial proceeding. *Id.* at 24. A waiver is usually found because "the party asserting the privilege placed protected information in issue for personal benefit through some affirmative act" and as such non-disclosure would be unfair. *Id.* (internal citations omitted). However, the factual material in documents protected by the deliberative process privilege, so long as it is severable, is not protected. *In re Grand Jury,* 821 F.2d at 959, *Hollar v. IRS,* 1997 WL 732542 at *5, 1997 U.S.Dist LEXIS 12846 at *17 (D.D.C.1997). The information disclosed to the Plaintiffs in this case is factual, and is only a detailed outline of the positions taken by both parties. Because it is factual, the privilege does not apply to it and the government's disclosure was appropriate. Plaintiffs' argument that the government waived any relevance objection by the disclosure is without merit.

The Plaintiffs' also argue that the government waived the privilege because of the Appeals Officer's statements to Plaintiffs' counsel. However, as we noted in our previous order, there is no evidence to show that the Appeals Officer was authorized to com-

ment on the memorandum. *Rupert,* 2004 WL 2110383 at \*2 n. 2, 2004 U.S. Dist. LEXIS 17899 at \*6 n. 2. The privilege cannot be inadvertently waived. *Redland,* 55 F.3d at 856. Further, a waiver must be authorized by the agency and be voluntary. *DiPace v. Goord,* 218 F.R.D. 399, 407 (S.D.N.Y.2003)(collecting cases).

■ Having found no waiver we address the issue of relevance. When, as in the instant case, the court is determining whether a tax refund is proper, the court must conduct a de novo review. *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293, 295 (1932), *modified,* 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932); *Pierson v. United States,* 428 F.Supp. 384, 390 (D.Del. 1977); *Armtek Corp. v. United States,* 1996 WL 469015 at \*2, 1996 U.S.Dist. LEXIS 9475 at \*7 (W.D.NY.1996). Because the court must independently evaluate the Plaintiffs' claim, the recommendations of the Appeals Officer are not relevant to our review. *Armtek Corp.,* 1996 WL 469015 at \*2, 1996 U.S.Dist. LEXIS 9475 at \*6. Assuming, *arguendo,* that the recommendations are relevant, "relevance alone is an insufficient reason for breaching the deliberative process privilege." *United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir.1993)

The Plaintiffs do not argue that the redaction has hindered the production of other evidence in this case or that the government has failed to produce other discovery material that was requested. As indicated, the Plaintiffs have the burden of showing a need for the redacted material but have put forth no evidence to show why the government should be required to disclose the redacted material. Finally, the recommendations and analysis in the redacted portions of the memorandum are essential to the decision-making process of the IRS. *Armtek Corp.,* 1996 WL 469015 at \*2, 1996 U.S.Dist. LEXIS 9475 at \*7. The purpose of the privilege is to protect this process and promote the "frank discussion of legal and policy matters." *Id.* (internal citations omitted).[1] We conclude the

Plaintiffs have failed to show that their need for the redacted material outweighs the government's claim of the privilege.

 As discussed in our previous order, the work-product privilege is a qualified privilege for certain materials prepared in anticipation of litigation. *United States v. Nobles,* 422 U.S. 225, 237–38, 95 S.Ct. 2160, 2169–70, 45 L.Ed.2d 141 (1975). The burden is on the government, as the proponent of the privilege, to show that the materials were prepared in anticipation of litigation. *Alexander v. Federal Bureau of Investigation,* 192 F.R.D. 42, 46 (D.D.C.2000). "This burden entails a showing that the documents were prepared for the purpose of assisting an attorney in preparing for litigation, and not for some other reason." *Id.* The *in camera* review of the memorandum has yielded no further support for the government's conclusory assertion of the work-product privilege. Every indication is that the memorandum was prepared by the Appeals Officer to evaluate a settlement with the Plaintiffs and the memorandum is not protected by the work-product privilege.

---

1. While Plaintiffs argue that the Appeals Officer would not be inhibited by disclosure because of his previous statements, it would be illogical to allow Plaintiffs to have the redacted material

because of this. Since the Appeals Officer did not waive the privilege by his statements, it cannot then be said that his statements should result in the Plaintiffs' receipt of the redacted material.