NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3614
_____

GERALD R. SAVIDGE,
Trustee Phyllis W. Souders Trust U/A Dated 9/11/97,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-16-cv-08705)
District Judge:  Honorable Noel L. Hillman
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 25, 2019

BEFORE:  GREENAWAY, JR., PORTER, and GREENBERG, Circuit Judges.

(Filed: November 15, 2019)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

GREENBERG, Circuit Judge.

## I.     INTRODUCTION

Plaintiff-Appellant Gerald Savidge has filed this appeal in a tax refund action that he brought in the District Court.  He challenges the Court's grant of summary judgment entered on November 1, 2018, in favor of the government, in which the Court found that the Phyllis W. Souders Trust U/A Date 9/11/97 ("Trust") of which he is the trustee is not entitled to a tax refund that he seeks on its behalf.  As we will explain, because the Trust was not entitled to the refund, we will affirm the judgment on appeal.  Though we explain certain matters in detail, in general we agree with the Court's opinion and consequently we limit our recitation of the facts and the applicable law.  See Savidge v. United States, No. 16-8705, 2018 WL 5669170 (D.N.J. Oct. 31, 2018).

## II.     FACTUAL BACKGROUND

The facts relevant to this opinion are essentially undisputed.  In the 1990s, Phyllis W. Souders, the owner of property in South Carolina, brought an action against the South Carolina Public Service Commission in the United States District Court for the District of South Carolina, claiming that the Commission had damaged her property during its work at a nearby hydroelectric project.  The case lasted for many years until January 16, 2008, when, in binding mediation, the South Carolina district court issued a judgment against the Commission and awarded Souders compensatory damages, as well as pre-judgment interest for a total of $747,572.  Unfortunately, Souders died on July 13, 2008.

2

In view of Souders' death, the award was paid to her estate. The estate then distributed $724,133 to the Trust, the sole beneficiary of the estate. Savidge is the executor of the estate and the trustee of the Trust, both of which filed income tax returns. The Trust income tax return for the tax year ending January 31, 2010, recited that it had received a taxable payment of $724,133 from the estate, but had incurred a separate capital loss of $409,919. The Trust calculated its tax liability at $107,778 and it submitted a payment for that amount.

In May of 2013, however, the Trust filed an amended income tax return for the January 31, 2010 tax year seeking a refund of the taxes it had paid. As significant to this opinion the amended return excluded both the taxable income and the capital loss. The Trust based its exclusion of the income received from the estate on the theory that the income was not taxable pursuant 26 U.S.C. § 103 because it was interest paid by a municipality. It thus treated the Public Service Commission as a municipality. Moreover, the amended return did not claim a deduction for a capital loss for the tax year. Insofar as the record reveals, the IRS did not take action on the amended return, and in any event, it did not issue the requested refund. Savidge then initiated this action.

III.    DISCUSSION

The District Court had jurisdiction under 28 U.S.C. § 1346(a)(1), and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's award of summary judgment de novo. Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir. 2011).

3

In his brief Savidge summarizes his arguments as follows: (1) "the District Court erred in over-broadly extending the scope of Lewis v. Reynolds, 284 U.S. 281 (1932) and its progeny in a case involving two separate and distinct taxpayers that maintain consistent theories of taxation between them"; (2) "the District Court erred in deciding that it had jurisdiction to consider and/or decide the merits of a non-party taxpayer's [i.e. the estate's] tax return"; (3) "the District Court erred in failing to decide that a non-party's tax return had finality"; and (4) "the District Court erred in deciding that a beneficiary trust taxpayer cannot rely on the finality of a non-party estate taxpayer's tax return in the context of refund litigation." Appellant's br. 2. Critically, in a strange twist because the question seems to be at the heart of the dispute in this case, he does not challenge a finding of the District Court that the Trust's income which included the prejudgment interest was taxable. In fact, the Court noted that Savidge did not argue that it was not taxable, but the Court nevertheless decided the taxability issue on the merits because the government's motion for summary judgment required it to do so. See Savidge, 2018 WL 5669170, at *5.

Though, as we have indicated, we agree with the District Court's opinion we supplement it with our own analysis. We condense Savidge's arguments into two assertions. First, he essentially argues that the Court erred in relying on information from the estate's income tax returns in its adjudication of this case—in fact, he appears to argue that the Court's acknowledgement of the estate's income tax returns was in itself objectionable. Second, he argues that the Court erred when it did not allow him to rely on the finality of the estate's income tax returns as support for its argument that the

4

Trust's income was not taxable. In considering these points we observe that these assertions are contradictory. Savidge basically asks us to find that while the Court and the government cannot rely on the estate's tax returns to determine the Trust's tax liabilities, he nevertheless could do so. We reject this argument.

Savidge's argument that the District Court should not have considered the estate's tax return in adjudicating this case completely lacks merit. The Court clearly stated that "the Trust's return and amended return give[] this Court enough information to determine this case." Id. at *4. In addition to the Court's statement, the Trust's return itself included an explanation for the amendment, which eliminated any need to consider the estate's return. See JA 139 ("The reported [i]nterest income was received from the S.C. Public Service Commission. It was reported as taxable interest instead of federal and S.C. tax free municipal interest."). No error occurred.

Even if we accept Savidge's argument that he should be allowed to rely on the estate's tax returns for support in the Trust's tax case, his argument has no merit. He argues that, because he had made the same assertion with respect to the estate's tax that the interest income was not taxable, and the IRS took no action nor disputed this assertion's validity thus rendering that return final, the District Court was obligated to reach the same result in this case. However, he does not provide evidence, and there is none of which we are aware, that the IRS found or accepted his assertion as true with respect to the estate's tax.

His argument is akin to stating that once default judgment is awarded, the plaintiff in a civil case can rely on the unproven allegations in his complaint as undisputed facts in

5

future litigations, a contention which clearly contradicts established law. <u>See</u> <u>Arizona v. California</u>, 530 U.S. 392, 414, 120 S.Ct. 2304, 2319 (2000) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of [issue preclusion] does not apply with respect to any issue in a subsequent action." (citation omitted)). As the District Court noted, Savidge's arguments are nothing more than "red herrings," <u>Savidge</u>, 2018 WL 5669170, at *6, and his arguments are fundamentally flawed. For the foregoing reasons and for the reasoning of the District Court in its opinion, the order of November 1, 2018, will be affirmed.