MARTIN R. SNARSKI AND ANNA K. SNARSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Snarski v. Commissioner
Docket No. 13525-78.
United States Tax Court
T.C. Memo 1981-328; 1981 Tax Ct. Memo LEXIS 418; 42 T.C.M. (CCH) 237; T.C.M. (RIA) 81328; June 24, 1981. Martin R. Snarski, pro se. Larry D. Anderson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 729.76 in petitioners' Federal income tax for the year 1976. An adjustment with respect to charitable contributions has been settled by the parties. Thus the only issue presented for decision is whether automobile expenses of $ 1,642 incurred and paid in 1976 by petitioner Martin R. Snarski, a stockholder of Genie Coffee Services, Inc., in performing services for the corporation are deductible as his business expenses under section 162(a). [1]
*419 FINDINGS OF FACT Some of the facts were stipulated by the parties and are found accordingly. Martin R. Snarski and Anna K. Snarski (petitioners) are husband and wife who resided in Mt. Clemens, Michigan, when they filed their petition in this case. Their joint Federal income tax return for the year 1976 was filed with the Internal Revenue Service Center in Covington, Kentucky. During 1976 Martin R. Snarski (petitioner) was Fire Chief in Detroit, Michigan. He also worked part-time for Genie Coffee Services, Inc., a corporation in which he and his wife were 50 percent stockholders and his son, Ray Snarski, owned the other 50 percent of the stock. The corporation, which was incorporated in 1970, placed and serviced coffee machines in various offices in Detroit and suburban areas. Petitioner performed services for the corporation by checking complaints received from customers who used the machines. Usually, when a complaint was received, petitioner would drive his personal automobile to the customer's place of business and decide whether he could repair the malfunction in the coffee machine himself or whether a serviceman would have to be called. If it was necessary for *420 a serviceman to make the repairs, the petitioner would make a follow-up trip to the customer's place of business to make sure the repair work had been done properly. In addition to these services, the petitioner also made surprise visits to customers to see if the corporation's products were being used. In performing such services for the corporation the petitioner drove his automobile a total of 10,950 miles in 1976 and incurred expenses relating thereto of $ 1,642.50. Ray Snarski, who was an officer of the corporation, was a salaried employee of the company in 1976. Petitioner did not receive any salary or dividends from the corporation in that year. The petitioers had an initial investment of $ 9,000 in the corporation. The automobile expenses incurred by petitioner were to protect his investment in the corporation. The corporation did not have a reimbursement policy. Although the petitioner made verbal claims for his automobile expenses, he received nothing. The corporation kept no records of how much the petitioner claimed for automobile expenses. On Form 2106 attached to the petitioners' joint Federal income tax return for 1976 an employee business expense deduction *421 of $ 1,642.50 was claimed for petitioner's use of his automobile. This claimed deduction was disallowed by respondent in his notice of deficiency. ULTIMATE FINDING OF FACT The petitioner's automobile expenses incurred in performing services for the corporation were not deductible as ordinary and necessary expenses of carrying on his trade or business. OPINION In the circumstances of this case we think the petitioner is not entitled to deduct under section 162(a) the $ 1,642.50 in automobile expenses he incurred in 1976 for Genie Coffee Services, Inc. because they were not ordinary and nercessary expenses of his trade or business. He was a stockholder. He was not a salaried officer or employee of the corporation. Generally, a corporation and its stockholders are separate taxable entities. ; . The fact that certain expenses incurred by a stockholder in the interests of the corporation may benefit him as a stockholder does not normally justify their treatment as expenses paid in connection with his trade or businerss. . *422 An officer or employee who serves without compensation is not engaged in a trade or business. . Thus, to be deductible, the automobile expenses incurred by petitioner had to bew incident to earning a salary from the corporation. . Expenses must relate to the activities of an officer or employee rather than the mere protection of his financial interests in the corporation. . There must be an immediate economic benefit to the officer or employee. The right to receive a future salary or the possibility of an appreciation in his investment in the corporation is too remote. . It has been held that a taxpayer cannot convert a corporate expense into a personal expense simply by agreeing to bear such expense, , or by failing to seek reimbursement, . This principle is applicable even if the corporation is financially unable to pay *423 such expenses. . Accordingly, on the facts of this case, it is impermissible to shift what would be a legitimate corporate expense to the petitioner. Therefore, the claimed deduction is disallowed. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year 1976, unless otherwise indicated.↩