WERNER MEYER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Meyer v. Commissioner
Docket No. 6281-81.
United States Tax Court
T.C. Memo 1983-208; 1983 Tax Ct. Memo LEXIS 582; 45 T.C.M. (CCH) 1337; T.C.M. (RIA) 83208; April 13, 1983. Werner Meyer, pro se. Russell K. Stewart, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $1,842.08. After a concession by petitioner the remaining issues for decision are: (1) whether petitioner is entitled to a deduction for employee business expenses in excess of the amount allowed by respondent, and (2) whether petitioner may deduct certain expenses while his former residence was held for sale. FINDINGS OF FACT Some of the facts have been stipulated.The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitoner Werner Meyer (petitioner) resided in Hatboro, Pennsylvania, when the petition in this case was filed. Petitioner filed his 1978 Federal Income Tax return *584 as a married person filing separately. During 1978, petitioner was employed as an engineer by the Lockheed Corporation (Lockheed). Petitioner also assisted his mother in operating Security Moving and Storage Company (Security), a family owned corporation doing business in California. Petitioner owned approximately 85 percent of Security's stock during 1978 and his mother held the balance. Security had been operated by petitioner's parents until his father's death in 1977. Thereafter, it was necessary for petitioner to travel on occasion from his home in Pennsylvania to California to assist his mother in operating Security. Petitioner also traveled to California in the course of his employment with Lockheed and on occasion would spend the weekend working on the business affairs of Security. Sometime in the middle of 1978, the operating assets of Security were sold to an unrelated corporation. Petitioner made several trips to California in order to negotiate the terms of the sale. Security has continued in existence through the time of trial and provides consulting services and settles damage claims for other moving companies. On his 1978 return, petitioner claimed *585 an adjustment to income for employee business expenses in the amount of $1,966.18. Respondent disallowed $1,526.18 of this amount. [1] Prior to trial, petitioner claimed an additional adjustment to income of $953.44. Both the disallowed amount and the new claim relate to travel and meal expenses incurred by petitioner on trips to California. The total amount of the adjustment to income now in dispute is $2,479.62, comprised of the following amounts: air travel - $1,499.58, meals - $780.00 (30 days at $26.00 per day), transportation - $73.50, and car rental - $126.54. In addition to the adjustment to income, petitioner also claimed employee business expenses of $1,381.86 as an itemized deduction. Respondent disallowed all but $159.16 of the amount claimed. Again prior to trial, petitioner sought to increase the deduction by $89.16, thus bringing the total in dispute to $1,311.86. This includes car expenses of $28.14 and telephone expenses of $83.72. The remaining amounts represent a $500.00 down payment on real property *586 paid by petitioner on Security's behalf and a $700.00 payment for electrical work on that real property subsequently purchased by Security. During 1978, petitioner did not receive any compensation or dividends from Security. Nor did he receive any reimbursement for the expenses he incurred on Security's behalf during that year. Although he could have done so, petitioner chose not to make any claim to Security for reimbursement. In June 1978, petitioner and his family vacated their then principal place of residence in Hatboro, Pennsylvania. Petitioner immediately listed the house for sale with a real estate broker and continued to do so until November 1978. During the remainder of that year he attempted to sell the house on his own. Petitioner made no attempt to rent the property after he vacated it. Petitioner rejected several purchas offers on the house during 1978 because he considered them unsatisfactory. The house was sold on April 20, 1979. On Form 4831, Rental Income, attached to his 1978 return, petitioner claimed deductions for expenses of $370.61 and six months depreciation of $721.76 in connection with his former residence. Respondent disallowed the claimed *587 deductions on the grounds that the former residence was not being held for the production of income. OPINION During 1978, petitioner was the major shareholder of Security, a family owned corporation doing business in California. After the death of his father in 1977, petitioner found it necessary to assist his mother in operating Security. On several occasions in 1978, petitioner traveled from his residence in Pennsylvania to California. Petitioner claims to have incurred expenses totaling $2,479.62, for meals, travel and transportation. In addition, petitioner claims to have expended another $1,311.86 during 1978 in connection with real property purchased by Security, and car and telephone expenses. Petitioner contends that the amounts expended in connection with Security are properly deductible by him as the expenses of a trade or business under section 162. [2] In the alternative, he contends that the expenses are deductible under section 212 as expenses incurred for the management, conservation, or maintenance of property held for the production of income. [3]
*588 At the outset, we observe that deductions are a matter of legislative grace. New Colonial Ice Co v. Helvering,292 U.S. 435 (1934). Petitioner bears the burden of proving that he is entitled to each of the claimed deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). During 1978, petitioner performed a number of tasks on behalf of Security. During his trips to California, petitioner prepared tax returns, assisted in bookkeeping and accounting functions, hired and managed salespersons, dealt with the Public Utilities Commission, met with customers, and carried on a number of other tasks. Petitioner contends that these activities on Security's behalf constitute his trade or business. We do not agree. It is well settled law that the business of a corporation is not the business of its shareholders. Deputy v. DuPont,308 U.S. 488 (1940). As the Supreme Court stated in Whipple v. Commissioner,373 U.S. 193, 202 (1963): *589 "Devoting one's time and energies to the affairs of a corporation is not of itself, and without more, a trade or business of the person so engaged." During 1978, it is clear that petitioner served without compensation for services rendered on behalf of Security. In the absence of any salary or other compensation, we cannot find that petitioner's activities rose to the level of a trade or business. Low v. Nunan,154 F.2d 261 (2d Cir. 1946), affg. a Memorandum Opinion of this Court; see Snarski v. Commissioner,T.C. Memo. 1981-328. Accordingly, the claimed expenses are not deductible under section 162. Moreover, there is a second requirement in section 162, which is also contained in section 212. To be deductible under either section, the expenses must be "ordinary and necessary." Petitioner testified that he incurred the expenses on behalf of Security in order to "turn [it] around." Thus he argues the expenses were necessary. Petitioner also testified that he elected not be reimbursed for the expenditures even though he could have been reimbursed. *590 This "election" was made because of Security's poor financial condition and the existence of net operating losses. Petitioner selected the arrangement that would be most advantageous to him from a tax standpoint. Petitioner correctly states that a taxpayer is entitled to reduce his taxes by whatever means the law permits. Gregory v. Helvering,293 U.S. 465 (1935). Petitioner may not, however, by his own action convert the expenses of a corporation into his own simply by agreeing to bear such expenses. Podems v. Commissioner,24 T.C. 21 (1955); Harding v. Commissioner,T.C. Memo. 1970-1979. This Court has held in a long line of cases that the failure to claim reimbursement for expenses causes the expenses to be characterized as not ordinary and necessary. Podems v. Commissioner,supra; see Bacsmai v. Commissioner,T.C. Memo. 1981-450. This result is unaffected by the fact that the company was in poor financial condition. See Harding v. Commissioner,supra.Since petitioner's *591 expenditures were not ordinary and necessary, they are not deductible under section 162 or 212. [4]
The second issue concerns certain deductions claimed by petitioner on the basis that his former residence was being held for the production of income. After petitioner and his family vacated their family residence in Hatboro, Pennsylvania in June 1978, the house was immediately offered for sale. During 1978, petitioner received several offers to purchase the property. None of these offers was acceptable to petitioner and the house remained unsold until the following April. Petitioner made no attempt to rent the property at any time prior to its sale. Section 212(2) provides for the deduction of all *592 the ordinary and necessary expenses paid for the management, conservation, or maintenance of property held for the production of income. Similarly, section 167(a)(2) provides for a deduction for depreciation of property held for that purpose. Newcombe v. Commissioner,54 T.C. 1298 (1970). It is clear that petitioner expected to recognize a gain on the sale of his former residence. The mere expectation of gain, however, does not automatically result in a conversion of the former residence into property being held for the production of income. Nearly all homeowners have had that expectation during recent years. In Newcombe v. Commissioner,supra, this Court delineated a number of factors to be considered in determining whether a personal residence has been converted to property held for the production of income.After carefully reviewing the relevant factors, we are not persuaded that such a conversion took place. The property was used as petitioner's personal residence prior to its so-called conversion. As the Court indicated in Newcombe v. Commissioner,supra, this factor is indicative of the personal nature of any *593 related expenses. We have considered petitioner's failure to offer the property for rent. While petitioner is correct in noting that this single factor is not necessarily dispositive, it must be considered. Where property is not being held for rental income, the taxpayer must be seeking to realize a profit representing postconversion appreciation in the market value of the property. Meredith v. Commissioner,65 T.C. 34, 42 (1975). Petitioner offered his former residence for sale immediately after it was vacated. This is strong evidence that petitioner was not holding the property for postconversion appreciation in value. Newcombe v. Commissioner,supra.On this record, we are compelled to conclude that petitioner's anticipated gain was solely attributable to appreciation prior to the time the house was vacated. Since we find that the property was not held for the production of income, respondent is sustained on this issue. Decision will be entered for the respondent.
Footnotes
1. Respondent allowed $440.00 of the claimed adjustment for the cost of meals incurred by petitioner while traveling away from home on Lockheed business.↩
2. All section references are to the Internal Revenue Code of 1954 in effect during the taxable year, unless otherwise indicated. All references to a Rule are to the Tax Court Rules of Practice and Procedure. ↩
3. We denied petitioner's demand for a jury trial since there is no right to a jury trial in the Tax Court. See Roark v. Commissioner,T.C. Memo. 1983-145↩.
4. In addition, petitioner totally failed to substantiate the $780.00 claimed as meal expenses. Accordingly, section 274(d) precludes the deduction of that amount. Petitioner did not present any substantiation for the car expenses of $28.14 and telephone expenses of $83.72 and thus is not entitled to deduct these amounts since he failed to meet his burden of proof under Rule 142↩.