**Robert P. KLIETHERMES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–842T.**

United States Court of Federal Claims.

Nov. 13, 1992.

**112**

Robert P. Kliethermes, pro se.

G. Robson Stewart, Washington, D.C., with whom was Acting Asst. Atty. Gen. James A. Bruton, for defendant.

## OPINION

MARGOLIS, Judge.

This case is before the court on cross motions for summary judgment. Plaintiff appeals a determination of the Internal Revenue Service ("IRS") that disallowed plaintiff's deduction of expenses incurred on behalf of an incorporated business. Defendant claims that plaintiff is not entitled to a deduction on his personal income tax return because plaintiff assumed the expenses voluntarily and did not seek reimbursement from the corporation. The par-

ties ask this court to determine taxpayer's liability with respect to the claimed deduction. After considering the record and hearing oral argument, this court finds that there are no genuine issues of material fact and plaintiff cannot deduct these corporate business expenses on his personal return. Accordingly, this court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

## FACTS

Plaintiff, Robert P. Kliethermes ("Kliethermes"), and Tom Messman ("Messman") started the Missouri corporation It's Really Yogurt ("IRY") in 1983 with initial investments of $10,000 each. Kliethermes and Messman made additional capital contributions to IRY, funding the opening of two stores for the retail sale of frozen yogurt. IRY also obtained several bank loans. Kliethermes, Messman and their wives, who served as IRY's four directors, co-signed the loans. Each couple held a 50 percent interest in the corporation.

As IRY's president, Kliethermes spent 10 to 15 percent of his time managing the corporation in 1984. IRY did not compensate him for his time. During 1984, Kliethermes incurred various business-related expenses in carrying out IRY activities. These expenses included:

(1) Travel between his home, which was the corporate office, and the IRY stores to conduct management meetings, oversee the business, collect payroll records, and clean the yogurt-making machines.

(2) Travel and meal expenses incurred in entertaining potential franchisees and in meeting with other directors.

(3) Travel and meal expenses associated with trips to California and Hawaii to investigate and research additional methods for making frozen yogurt flavors.

Kliethermes and Messman agreed that these types of IRY expenses would be paid by the individual officers until the corporation could feasibly bear them. According-

ly, Kliethermes apparently did not ask IRY to reimburse him.

Kliethermes and his wife filed a 1984 federal tax return that claimed these expenses as deductions. The IRS issued a deficiency notice and, on September 1, 1988, assessed Kliethermes $406.92 in tax and $164.42 in interest for these deductions. On September 19, 1988, Kliethermes paid $571.34 to satisfy the assessment and filed an amended tax return seeking a refund of the amount paid. On June 26, 1989, the IRS disallowed Kliethermes' claim for a refund.

## DISCUSSION

The issue before this court is whether plaintiff, a major shareholder and uncompensated officer of an incorporated business, may deduct expenses he incurred on behalf of that business on his personal income tax return where he paid the expenses voluntarily and did not seek reimbursement from the corporation. Plaintiff asserts that the corporation denied him reimbursement due to a lack of corporate funds.

*Deduction as a Business Expense—IRC § 162*

■ Ordinarily, unreimbursed expenses incurred on behalf of a corporation are deductible under the Internal Revenue Code ("IRC") as trade or business expenses. 26 U.S.C. § 162(a) (1982) ("IRC § 162(a)").[1] However, Kliethermes served IRY as an uncompensated officer; he was not engaged in a trade or business for purposes of IRC § 162. *Hirsch v. Commissioner*, 315 F.2d 731, 737 (9th Cir.1963); *Low v. Nunan*, 154 F.2d 261, 264 (2d Cir. 1946).

Kliethermes' status as a stockholder of IRY, a closely held corporation, also works against him in his efforts to recover his expenses. Beginning with *Deputy v. du Pont*, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed.

416 (1939), a long line of cases has recognized that "[t]he business of a corporation ... is not that of its officers, employees or stockholders." *Noland v. Commissioner of Internal Revenue*, 269 F.2d 108, 111 (4th Cir.), *cert. denied*, 361 U.S. 885, 80 S.Ct. 156, 4 L.Ed.2d 121 (1959). The two entities are legally distinct and the corporation's business may not blend with that of its stockholders. *du Pont*, 308 U.S. at 494, 60 S.Ct. at 366; *Noland*, 269 F.2d at 111.

A corporation is treated as a separate tax entity from its shareholders for tax purposes. A shareholder is not entitled to a deduction from his individual income for a payment of corporate expenses. A shareholder cannot convert a business expense of his corporation into a business expense of his own simply by agreeing to bear such an expense, or by failing to seek reimbursement.

*Gantner v. Commissioner of Internal Revenue*, 905 F.2d 241, 244 (8th Cir.), *cert. denied*, 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 252 (1990) (citations omitted).

■ Even if IRY were financially unable to pay these expenses, Kliethermes could not convert them to expenses deductible under IRC § 162(a)(2) by agreeing with Messman that he would not seek reimbursement from IRY. *Id.; see also Snarski v. Commissioner*, 42 T.C.M. (CCH) 237, 238 (1981); *Meyer v. Commissioner*, 45 T.C.M. (CCH) 1337, 1339 (1983). The amounts involved "constitut[ed] either a loan or a contribution to capital, which [we]re deductible, if at all, only by the corporation." *Hughes v. Commissioner*, 41 T.C.M. (CCH) 1153, 1158 (1981). The expenses may not be deducted under IRC § 162(a)(2).

*Deduction as an Investment Expense— IRC § 212*

■ Similarly, the distinction between the corporation and the individual as tax entities prevents Kliethermes from deduct-

---

**1.** Section 162(a) states in relevant part:
There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—
.....

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business....

ing these expenses under 26 U.S.C. § 212 (1982) ("IRC § 212").[2] To fall within the ambit of IRC § 212, Kliethermes' expenses must relate to the production of his personal income or management of income-producing property for his individual benefit. *Low,* 154 F.2d at 264; *see also Van Hassent v. Commissioner,* 59 T.C.M. (P–H) 2880, 2883–84 (1990). Observing the distinction between the corporation and the individual as tax entities, it is clear that Kliethermes' expenses, which are atypical of expenses recognized under IRC § 212, were aimed instead at managing IRY and generating business for the corporation. *See du Pont,* 308 U.S. at 496–97, 60 S.Ct. at 368; *Low,* 154 F.2d at 264.

### IRS Treatment in Previous Years

Kliethermes contends that the IRS audited his tax returns on the same issue in 1983 and made no adjustment, so the IRS should be estopped from denying him the deductions in 1984. Each tax year stands on its own: Kliethermes must prove he overpaid his 1984 taxes. *See Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, *modified,* 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932) (stating that the issue in a tax refund suit is taxpayer's entire tax liability for the year). The IRS may challenge matters even when it accepted similar matters in previous years. *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746, *reh'g denied,* 353 U.S. 989, 77 S.Ct. 1279, 1 L.Ed.2d 1147 (1957) (stating that IRS is not estopped from correcting an earlier mistake of law).

### CONCLUSION

For the reasons stated above, this court finds that Kliethermes may not deduct the travel and meal expenses at issue on his 1984 tax return. Accordingly, defendant's motion for summary judgment is granted,

and plaintiff's motion for summary judgment is denied. Plaintiff's complaint is dismissed. The clerk is directed to enter judgment accordingly. No costs.

---

**2.** Section 212 states in relevant part:

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income[.]

