**Hubert L. TAYLOR Plaintiff,**
v.
**UNITED STATES, Defendant.**
**No. 332–88 T.**
United States Claims Court.

Nov. 21, 1989.

Hubert L. Taylor, Wilmington, Del., pro se, as plaintiff.

Jay G. Philpott, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## OPINION

RADER, Judge.

Plaintiff, Hubert Taylor, claimed refunds on his tax returns for 1981 and 1982. After sending plaintiff the refunds, the Internal Revenue Service (IRS) discovered a tax deficiency for both 1981 and 1982. On his 1985 return, plaintiff again sought a refund. IRS offset plaintiff's 1985 refund by the amount of the 1981 and 1982 tax deficiencies plus interest and penalties.

After plaintiff unsuccessfully instituted an action in the United States Tax Court for a redetermination of the 1981 and 1982 tax deficiencies, *Taylor v. Commissioner Internal Revenue*, No. 27735–86S (Tax Ct. Mar. 23, 1987) (Order), he submitted an amended 1982 tax return to IRS claiming a refund of $111.00 for overpayment of taxes. IRS disallowed the claim because plaintiff failed to satisfy the statute of limitations. Plaintiff then instituted this action in the United States Claims Court, seeking a refund for overpayment of taxes in 1982, 1985, 1986, and 1987.

Defendant moves to dismiss the 1985, 1986, and 1987 refund claims on the grounds that plaintiff failed to comply with 26 U.S.C. § 7422 (1982), which requires a taxpayer to file a refund claim with IRS before instituting an action in federal court. Defendant also moves for summary judgment on plaintiff's 1982 refund claim.

This court dismisses plaintiff's refund claims for lack of jurisdiction. Plaintiff did not first file a claim with IRS on the 1985, 1986, and 1987 refund requests. Furthermore, this court dismisses the 1982 refund claim because plaintiff did not file his claim within the limitation periods of 26 U.S.C. § 6511 (1982).

## FACTS

On his 1982 income tax return, plaintiff claimed a refund of $780.28. IRS authorized the refund on April 18, 1983.

On January 11, 1984, IRS levied a tax deficiency of $231.00 against plaintiff for 1981. IRS discovered a discrepancy between the income claimed by plaintiff on his 1981 tax return and the total wages reported by plaintiff's employer on Form W–2.

On March 21, 1985, IRS levied another tax deficiency of $268.00 against plaintiff for 1982. Several months later, IRS informed plaintiff that it adjusted his 1982 tax return to reflect the correct income from wages. IRS requested payment of $268.00 with accrued interest of $79.13.

On February 16, 1986, plaintiff filed his 1985 tax return. Plaintiff claimed a refund of $798.38. On April 14, 1986, IRS reduced this refund claim to account for the outstanding 1981 and 1982 tax deficiencies as well as for accrued interest. IRS sent plaintiff the excess $20.06 as a cash refund.

Plaintiff thereafter instituted an action in the United States Tax Court seeking a

redetermination of the deficiencies assessed for 1981 and 1982. The Tax Court determined that it lacked jurisdiction because plaintiff did not file a timely petition challenging the 1981 and 1982 deficiencies. *Taylor,* No. 27735–86S (Tax Ct. Mar. 23, 1987) (Order).

According to defendant, on August 20, 1987, plaintiff filed an amended tax return for a $111.00 refund of 1982 taxes.[1] The. record seems to offer two possible reasons for plaintiff's refund claim. First, plaintiff may be claiming a tax overpayment on the grounds that his employer withheld too much of his sick pay. Plaintiff states in his 1982 amended tax return: "I am amending my 1982 tax return to include 2 additional W–2's received for additional wages—1 W–2 is for sick pay."

Plaintiff's amended 1982 return is subject to another interpretation. Plaintiff may be contending that IRS's offset of the 1985 refund claim to cover the 1982 tax deficiency was excessive. Plaintiff concedes on his amended tax return that he owed the $268.00 tax deficiency for 1982. IRS, however, offset the 1985 refund claim for accrued interest and penalties as well as for the deficiency itself. Plaintiff might have failed to take into account the accrued interest and penalties. In fact, plaintiff's claim for overpayment in his 1982 amended tax return equals the total interest and penalties assessed on the 1982 deficiency. Plaintiff apparently did not understand that IRS could assess interest and penalties on an overdue deficiency.

IRS received plaintiff's amended return on August 27, 1987. On September 15, IRS Philadelphia regional office sent a letter to plaintiff disallowing the refund claim. According to IRS, the refund was not available because plaintiff filed his claim more than three years after the due date of the original 1982 return.

On December 15, 1987, IRS received a Freedom of Information Act (FOIA) request from plaintiff for copies of 1981, 1982, 1985, and amended 1982 tax returns. IRS rejected plaintiff's FOIA request because it was not signed. IRS informed plaintiff that he could obtain copies of previously filed returns by submitting Form 4506. Plaintiff completed and sent the form to IRS on December 23, 1987.

In response to the Form 4506 request, IRS sent plaintiff copies of the 1982 and 1985 tax returns on January 20, 1988. IRS indicated that it would continue to search for plaintiff's 1981 and amended 1982 returns. On March 8, 1988, IRS informed plaintiff that despite a thorough search, it could not locate the 1981 or amended 1982 returns. IRS promised to refund plaintiff's Form 4506 request fee within four to six weeks.

On July 8, 1988, IRS sent plaintiff a Certificate of Assessments and Payments outlining tax activity from 1983 through 1987. The Certificate reflected the IRS's decision to apply plaintiff's 1985 refund claim to 1981 and 1982 tax deficiencies. The Certificate also showed that approximately $111.00 in interest and penalties accrued before IRS decided to apply plaintiff's 1985 refund claim to the 1981 and 1982 tax deficiencies.

On June 3, 1988, plaintiff instituted action in the Claims Court to recover a refund for overpayment of income taxes in 1982, 1985, 1986, and 1987. Plaintiff also seeks to collect interest assessed on his 1982 tax return. Defendant moves to dismiss the 1985, 1986, and 1987 claims for lack of jurisdiction. Defendant also moves

---

1. Plaintiff contended in his response to defendant's motion that he did not file such an amended tax return:

> [T]he plaintiff did not at any time file a Form 1040X with the I.R.S.... The plaintiff asserts that the defendant has erroneously stated the fact of said filing ... to mislead the Court from redetermination of plaintiff's claim for refund.

In evaluating its jurisdiction, this court construes the facts in a light most favorable to plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Plaintiff is mistaken that the existence of an amended tax return would defeat jurisdiction. Rather, the 1982 amended tax return could be construed as a claim before the IRS for refund of taxes. Such a claim would eliminate the jurisdictional bar posed by the variance doctrine under 26 U.S.C. § 7422 (1982). Thus, this court adopts defendant's factual assertion that plaintiff filed a Form 1040X.

for summary judgment pursuant to RUSCC 56 as to plaintiff's 1982 refund claim.

## DISCUSSION

### *Jurisdiction*

The Claims Court has authority to hear tax refund cases:

(a) the district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

28 U.S.C. § 1346(a)(1) (1982). By allegedly seeking recovery of taxes wrongfully collected, plaintiff appears to invoke the jurisdiction of the Claims Court.

Section 1346(a), however, is subject to the doctrine of sovereign immunity. The United States, as sovereign, is immune from suit unless Congress specifically waives immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). In actions under 28 U.S.C. § 1346(a)(1), Congress has placed conditions on the waiver of sovereign immunity. A taxpayer seeking refund jurisdiction in a federal court must first file a claim with the IRS:

*(a) No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary ....

26 U.S.C. § 7422(a) (1982). No federal court therefore may assume jurisdiction over a claim for recovery of income taxes where the plaintiff has not first filed a refund claim with IRS. *Zuger v. United States*, 834 F.2d 1009, 1010 (Fed.Cir.1987).

■ Plaintiff does not contend that he submitted amended tax returns or any other claims to IRS for refund of 1985, 1986, and 1987 taxes. In its first set of interrogatories, filed July 22, 1988, defendant asked plaintiff to list and produce:

each and every amended income tax return, claim for refund, and other written demand for refund ... submitted by you ... for refund of any amounts for ... 1985, 1986, and 1987.

Plaintiff did not supply any such information to defendant or to this court. Furthermore, defendant contends that IRS never received refund claims for these years. Consequently, this court may not adjudicate plaintiff's claim for 1985, 1986, or 1987 tax refunds under 28 U.S.C. § 1346(a)(1).

### *26 U.S.C. § 6511: Limitations Period for Claiming Refund with IRS* [2]

Congress further conditioned the waiver of sovereign immunity under § 1346(a)(1) by placing time limitations on the right to claim a refund. Individuals seeking a refund of taxes from IRS must submit a claim to IRS either within three years after filing a tax return or two years after paying the tax, whichever is later:

*§ 6511. Limitations on credit or refund*

*(a) Period of limitation on filing claim.—*

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

26 U.S.C. § 6511 (1982). This limitations period even applies to claims where IRS erroneously or illegally assesses or collects

---

**2.** Defendant did not raise this jurisdictional defect in its motion to dismiss. This court, however, may address jurisdictional issues *sua sponte.* RUSCC 12(h)(3).

taxes. *Jones v. Liberty Glass Co.*, 332 U.S. 524, 534–35, 68 S.Ct. 229, 234–35, 92 L.Ed. 142 (1947).

The three-year limitations period prescribed by § 6511 begins to run on the last date for filing a return. 26 U.S.C. § 6513(a) (1982). The two-year limitations period begins to run at the same time in the case of taxes actually deducted and withheld by the taxpayer's employer. 26 U.S.C. § 6513(b)(1).

■ Plaintiff failed to claim the $111.00 refund at issue within the two-year period prescribed by § 6511. The two-year limitations period for claiming a refund of taxes withheld or deducted by an employer began on April 15, 1983. Plaintiff, however, did not supply IRS with the W–2 Forms that are the purported basis of the $111.00 refund claim until August 1987, four years after his employer originally withheld taxes.

Plaintiff also fails to satisfy the three-year limitations period. His 1982 tax return was due on April 15, 1983. Plaintiff did not claim the refund until he filed an amended return on August 20, 1987, over four years after the due date for filing a tax return for 1982. Consequently, this court cannot adjudicate plaintiff's 1982 tax refund claim.

Plaintiff appears to contend that he could not file a timely refund claim because IRS did not honor his request for tax information. The record demonstrates, however, that IRS cooperated with plaintiff in supplying whatever records existed. IRS supplied plaintiff with two years of tax returns, and acknowledged plaintiff's request for two other years. IRS later informed plaintiff that it did not have returns for the two other years. The Certificate of Assessments delivered to plaintiff corroborates IRS's assertion that it does not have all of the tax returns requested by plaintiff.[3]

## CONCLUSION

This court lacks jurisdiction over plaintiff's claim for refund of overpayment of taxes for 1982, 1985, 1986, and 1987. This court may not hear plaintiff's refund claims for 1985, 1986, and 1987 unless and until plaintiff first files a claim with IRS. Furthermore, assuming that plaintiff did submit a claim to IRS for 1982, this court cannot review the claim because it was not filed within the statute of limitations period prescribed by 26 U.S.C. § 6511.

The court directs the Clerk to enter judgment dismissing plaintiff's entire complaint.

---

**3.** Even if plaintiff had filed this action within the limitations period set forth in § 6511, this court nevertheless would grant defendant's motion for summary judgment on the 1982 refund claim. If the gravamen of plaintiff's 1982 refund claim is that his employer withheld an excessive amount of taxes, plaintiff has failed to supply sufficient evidence to support the claim. Plaintiff has the burden of proving that he overpaid his taxes. *Lewis v. Reynolds*, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293 (1932). Yet, plaintiff merely asserts that he deserves a refund without explaining in an affidavit or otherwise how he reaches the conclusion that his employer withheld an excessive amount of taxes. Mere assertions do not create a genuine dispute of material fact. *Barmag Barmer Mask-*

*hinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984).

If plaintiff's 1982 refund claim stems from his mistaken belief that the interest and penalties collected by IRS were an overpayment of taxes, this court also must grant defendant's motion for summary judgment. Plaintiff conceded a $268.00 tax deficiency in his Form 1040X. There is no dispute that IRS may assess interest and penalties for underpayment of taxes. 26 U.S.C. §§ 6601(a), 6653(a) (1982). Plaintiff produces no affidavits challenging the amount of interest and penalties assessed. Thus, having conceded a tax deficiency without challenging the amount of interest assessed, there is no genuine dispute as to a material fact.