915 F.2d 1584
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hubert L. TAYLOR, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5050.
 United States Court of Appeals, Federal Circuit.
 Sept. 25, 1990.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Hubert L. Taylor appeals from the judgment of the United States Claims Court, Taylor v. United States, 18 Cl.Ct. 713 (1989), dismissing his complaint for lack of jurisdiction. We affirm-in-part, reverse-in-part and remand.
 
 OPINION
 
 2
 Taylor filed suit in the Claims Court on June 3, 1988, claiming overpayments of income taxes for the years 1982, 1985, 1986, and 1987. Taylor also sought a refund of the interest assessed on his 1982 tax deficiency.
 
 
 3
 We agree with the Claims Court that it lacked jurisdiction with respect to the claims for 1985, 1986, and 1987 because Taylor had failed to file a refund claim with the Internal Revenue Service (IRS) for those years before bringing suit. See 26 U.S.C. Sec. 7422(a).
 
 
 4
 The Claims Court also held that Taylor's refund claim on Form 1040X for 1982 was not filed within the statutory period prescribed by 26 U.S.C. Sec. 6511(a). Under the facts of this case, however, Taylor's refund claim was timely filed within two years of payment of the tax and interest sought to be refunded. On April 14, 1986, the IRS credited Taylor's overpayment in the amount of $798.38 shown on his 1985 income tax return against the unpaid tax and interest that had been assessed as deficiencies for the years 1981 and 1982 and sent Taylor a net refund of $20.06. The amount credited constituted payment of the 1982 tax and interest. See 26 U.S.C. Secs. 6402, 6407. Part of this payment is the amount that was claimed as a refund on the Form 1040X filed for 1981 on April 20, 1987.
 
 
 5
 Although the Claims Court stated in footnote 3 to its opinion that "[e]ven if plaintiff had filed this action within the limitations period ... this court nevertheless would grant defendant's motion for summary judgment on the 1982 refund claim," no such judgment has been entered. Accordingly, we remand for further proceedings with respect to 1982 consistent with this opinion.
 
 COSTS
 
 6
 Each party shall bear its own costs.