**Michael J. DAVOLI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 97–198–CIV–J–HTS.

United States District Court, M.D. Florida, Jacksonville Division.

March 23, 1999.

John Hearring Wilbur, Dudley D. Allen, P.A., Jacksonville, FL, Susan Slagle, Law

Offices of Susan Slagle, Jacksonville, FL, for Michael J. Davoli, plaintiff.

Bruce T. Russell, U.S. Dept. of Justice, Washington, DC, for USA, defendant.

## *ORDER*

SNYDER, United States Magistrate Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment (Doc. # 15; Defendant's Motion), filed on February 17, 1998, and Plaintiff's Motion for Summary Judgment (Doc. # 19; Plaintiff's Motion), filed on February 26, 1998. The parties have responded to each other's motions. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. # 20; Memorandum), filed on February 26, 1998, and Opposition to Plaintiff's Motion for Summary Judgment (Doc. # 24; Opposition), filed on March 24, 1998.

### *I. Findings of Fact*

Michael J. Davoli filed his 1988 U.S. Individual Income Tax Return (Form 1040) with the Internal Revenue Service (IRS) on August 18, 1989. *See* Declaration of Jeffrey G. Mitchell, attached to Defendant's Motion, Exh. 1 (Declaration), at 2. Mr. Davoli reported a total of $11,444.00 in "excess reimbursement income" on Form 2106, line 9, titled "Employee Business Expenses," attached to Form 1040. *See id.* The $11,444.00 was added to $150,586.99 of "wages, salaries, tips, etc." to arrive at a gross wage figure of $162,031.00, Form 1040, line 7. *See id.* Based on Form 1040, Plaintiff paid $52,543.00 through federal income tax withholding, $42,708.00 of which was tax liability. *See id.* The $9,835.00 difference was credited to his 1989 estimated tax. *See id.* at 3.

A first Amended U.S. Individual Income Tax Return (FAR) was filed on December 18, 1989. *See* Declaration at 3. The FAR reflected an increase in Mr. Davoli's income by $49,966.00 in additional expense reimbursement income. *See id.; see also* Affidavit [of Karl Stesney] in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, attached to Plaintiff's Motion (Affidavit), at 2. Part II, "Explanation of Changes to Income, Deductions, and Credits[,]" stated the reason for the $49,966.00 increase in taxable income: "[t]otal [i]ncome increased by amount reimbursed by employer for business expense." *See* Declaration at 3; Affidavit at 2. Total tax liability for 1988 as reflected in the FAR was $56,698.00. *See* Declaration at 3. The additional income tax of $4,155.00 ($56,698.00—$52,543.00 = $4,155.00) was paid to the IRS with interest. *See id.*

Mr. Davoli filed a second Amended U.S. Individual Income Tax Return (SAR) on March 20, 1992. *See* Declaration at 3. The SAR reported a net decrease in total adjusted gross income of $102,547.00 for 1988. *See id.* at 4. This change is explained in Part II, "Explanation of Changes to Income, Deductions, and Credits[,]" as:

No expense reimbursements were received by taxpayer in 1988. Reimbursements originally reported as received in 1988 should be reported as follows:

| | |
|---|---|
| 1987 | $ 66,409.00 |
| 1986 | $ 36,138.00 |
| Total | $102,547.00 line 1.B. |

*Id.; see also* Affidavit at 2.

In the original Form 1040, Plaintiff reported $52,581.00 in gross expense reimbursements, Form 2106, line 7, and an additional $49,966.00 on the FAR. *See* Affidavit at 2. Thus, a total of $102,547.00 of reimbursements as additions to income, incurred before 1988, was reported to the IRS for 1988. *See id.*[1]

### *II. Standard of Review*

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

---

1. The original Form 1040, less the first page, bates # 00013; FAR; and SAR, can be found at Exhs. A, B, and D, attached to Defendant's Motion, respectively.

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

> An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248[,] 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998 (11th Cir.1992). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.*

*Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). Initially, the party seeking summary judgment bears the burden of showing the Court, by reference to supporting materials in the file, that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 469 (11th Cir.1993).

> When a moving party meets its burden, the non-moving party must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548; *see also Allen*, 121 F.3d at 646; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Burrill v. United States*, 1 F.Supp.2d 1451, 1455 (M.D.Fla.1998). In determining whether triable issues of fact exist, the evidence, and all factual inferences drawn therefrom, must be reviewed in the light most favorable to the non-moving party. *See Braddy v. Florida Dep't of Labor & Employment Sec.*, 133 F.3d 797, 799 (11th Cir.1998); *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192,

1196 (11th Cir.1997) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir.1993)).

### III. Parties' Positions

On February 28, 1997, pursuant to 28 U.S.C. § 1346(a)(1), Michael J. Davoli filed suit against the United States of America for a tax refund. *See* Complaint (Doc. #·1). The crux of Mr. Davoli's suit is that Defendant "erroneously and illegally assessed and collected" taxes against Plaintiff. *Id.* at 1. As a result, he filed the present action in which he seeks a tax refund of $31,192.00 with interest. *See id.* at 3.

#### A. Defendant's Motion

Defendant asserts Plaintiff "reported a total of only $61,410.00 in reimbursements as additions to income for the 1988 tax year ...." Defendant's Motion at 5.[2] Plaintiff disputes this contention. *See* Memorandum at 4.

On July 31, 1995, the IRS partially allowed and disallowed the claim in the SAR. *See* Defendant's Motion at 5. It was determined Plaintiff reported "$61,410.00 in reimbursement income for tax year 1988" and that Mr. Davoli's claim "should be allowed to the extent of his total reported reimbursement income." *Id.* Thus, the income figure was decreased by $61,410.00. *See id.* The reasoning behind the IRS's decision was "[Mr.] Davoli reported a total taxable income on his 1988 income tax return, as amended, of $198,594[.00] ... the correct taxable income, reached by subtracting the $61,410[.00] in reimbursement income reported, was $137,184[.00], resulting in a[n alleged] corrected tax of $39,081[.00]." *Id.* The IRS then credited $7,782.00 to Plaintiff's 1986 outstanding tax liability for the partial allowance of the claim represented by the SAR based on an allowance of $61,410.00 in 1988 reimbursements reported by Mr. Davoli. *See id.* at 6. This amount was determined by subtracting the alleged total corrected tax of $39,081.00 from the total tax actually paid

**2.** The Declaration essentially corroborates the facts as set forth in Defendant's Motion.

of $46,863.00 in the 1988 tax year. *See id.* Defendant claims Plaintiff "has received a refund of all the tax attributable to reimbursement income that he paid in respect of the 1988 tax year." *Id.*

Defendant explains "[Mr.] Davoli reported $102,547[.00] of [gross] reimbursement[ income] in 1988 [3] that were received in 1986 and 1987." Defendant's Motion at 9. However, it is argued Plaintiff "did not add *all* such reimbursements to 1988 income to arrive at the gross income reported on line 23 of the 1988 Form 1040, as amended." *Id.* (emphasis in original). Rather, "[h]e added only a portion of his reimbursement income to arrive at this figure." *Id.* The IRS presumed this portion was the excess of "his [gross] reimbursement income over his expenses." *Id.* Defendant concluded the additional gross reimbursement income amount totaled $61,410.00. *Id.* at 10.

Thus, Defendant's position is "[Mr.] Davoli was entitled to a refund of only the income tax attributable to the portion of the taxable reimbursement income he *reported as taxable and on which he paid tax.*" Defendant's Motion at 10 (emphasis in original). Plaintiff received this refund through the $7,782.00 credit from the partial allowance of his administrative claim for refund.

## B. Plaintiff's Motion and Memorandum

Plaintiff contends the $102,547.00 of gross reimbursement income reported in the FAR in 1988 represents gross reimbursements of expenses incurred before 1988, and Mr. Davoli was never "reimbursed by his employer for [business] expenses incurred and reported by Plaintiff on his 1988 tax returns in the amount of $41,137.00 (the difference between $102,-547.00 and $61,410.00)." Memorandum at

4–5. This proposition is supported by the chief financial officer of plaintiff's employer. *See* Affidavit [of Frank E. Clark, Jr.] in Support of Plaintiff's Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, attached to Plaintiff's Motion, at [unnumbered] 2. It is argued "Defendant has thus wrongly and incorrectly subtracted from the total reimbursements of $102,547.00, $41,137.00 of *unreimbursed* business expenses for 1988." [4] Memorandum at 5. Mr. Davoli notes Defendant "admits [in its Motion] that it has 'presumed' that Plaintiff was reimbursed for the $41,137.00 of expenses claimed by him in 1988." *Id.*

Mr. Davoli contends Defendant has admitted: (1) "Plaintiff reported $102,547.00 of [gross] reimbursements as additions to income in 1988, (Defendant's Motion p.9)[ ]" and (2) "Plaintiff should get a refund for the $102,547.00 of [gross] reimbursement [income] because [they] were received in 1986 and 1987. (Defendant's Motion p.9)." Memorandum at 6.

Thus, Mr. Davoli frames the issue as "whether or not Defendant is entitled to deduct $41,137.00 from the $102,547.00 in order to calculate the tax refund." Memorandum at 7. Mr. Davoli claims entitlement to the tax refund based on the total gross reimbursement income of $102,547.00. *See id.* Defendant contends the tax refund is based upon $61,410.00 ($41,137.00 deducted from $102,547.00). *See id.* at 8–9.

Mr. Davoli calculates his tax refund as follows:

| | |
|---|---|
| $102,547[.00] | This is the amount on which Plaintiff should receive a tax refund for 1988 based upon the Defendant's admission that Plaintiff had added reimbursements as addition to income. |
| $33,841.00 | This is the amount of tax on 102,547.00 at the taxpay- |

---

3. This statement is seemingly inconsistent with Defendant's previous position that Plaintiff "reported a total of $61,410[.00] in [gross] reimbursement income for tax year 1988." Defendant's Motion at 5.

4. The Affidavit of Karl Stesney, Certified Public Accountant, who prepared Mr. Davoli's Form 1040, FAR, and SAR, supports Plaintiff's arguments. *See* Affidavit; *see also* Affidavit in Support of Plaintiff's Motion for Summary Judgment (Doc. # 27; Affidavit of Stesney), filed on July 24, 1998.

er's incremental statutory tax rate of 33%.

($9,835.00)  This is a credit to the Defendant for underpayment of tax by the taxpayer due to clerical error on his tax return.

$24,006.00  This is the tax refund due to the taxpayer.

$22,018.00  This is the interest estimated at 7.5% for the years through 1987 . . . .

($7,782.00)  This is the credit due to the Defendant for the partial refund (without interest) allowed by the Defendant to Plaintiff.

$38,242.00  This is the amount of the tax refund amount due to Plaintiff subject to the exact calculation of interest which could be slightly more or slightly less.

Memorandum at 8; *see also* Affidavit at 4.

### C. Defendant's Opposition

Defendant recognizes Plaintiff's disagreement with the IRS's determination of how much of the gross reimbursement income was reported as additions to income for the 1988 tax year (Government—$61,410.00 vs. Plaintiff—$102,547.00). *See* Defendant's Opposition at 7. It is argued Form 2106 (attached to Form 1040) contradicts Plaintiff's position. *See id.* Specifically, Form 2106 "only adds the amount on line 9 to income. That is, only the 'excess reimbursements' on the Form 2106 are added to the 'Wages, salaries, tips, etc.' income figure shown on the 1988 Form 1040, line 7." *Id.* Because Form 2106 as originally filed shows only $11,444.00 in excess reimbursement income, not $52,581 as Plaintiff maintains (the sum of lines 7A and 7B, Form 2106), it is contended Defendant does not contradict the information in Form 2106. *Id.* at 7–8.

Further, the IRS agrees with Plaintiff that he was not reimbursed $41,137.00 by his employer for business expenses incurred in 1988. *See* Defendant's Opposition at 8. Rather, the $41,137.00 is the sum of *expenses* reported on lines 6A and 6B on the Form 2106 ($28,-026[.00] plus $13,111[.00] ). These expenses were reported as having been *reimbursed* on lines 7A and 7B of the Form 2106 in the amount of $52,581[.00], with the result that an excess of the reimbursements over the expenses was added to income (i.e., the $11,444[.00] reported on line 9).

*Id.* Defendant contends Mr. Davoli left out the step required by Form 2106, line 8, where the amounts in line 6 are subtracted from those in line 7. *Id.*

The Government's position is the $11,444.00 as shown as excess reimbursement income on Form 2106 as originally filed, plus the $49,966.00 net increase in income on the FAR total $61,410.00, which is what Plaintiff paid tax on. *See* Defendant's Opposition at 9. The IRS "deducted this figure from the total taxable income reported for 1988 to arrive at the appropriate amount of tax to refund or credit to the Plaintiff." *Id.* at 10.

### IV. Discussion

■ "[A]n income tax return is sufficient to constitute a claim for refund, but it must state the 'essential requirements' of the refund demand." *In re Ryan,* 64 F.3d 1516, 1521 (11th Cir.1995). A taxpayer who pursues a tax refund under 28 U.S.C. § 1346(a)(1) must first fully pay the tax. *See Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). "The action to recover on a claim for refund is in the nature of an action for money had and received, and it is incumbent upon the claimant to show that the United States has money which belongs to him." *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932). The burden of proof in the litigation of tax matters is on the taxpayer. *See Boehm v. Commissioner,* 326 U.S. 287, 294, 66 S.Ct. 120, 90 L.Ed. 78 (1945) (citing *Burnet v. Houston,* 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991 (1931)); *see also Feldman v. Commissioner,* 20 F.3d 1128, 1132 (11th Cir.1994).[5]

5. Congress has recently shifted the burden of    proof under certain circumstances from the

■ 26 U.S.C. § 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," as an employee. However, a trade or business expense deduction is not allowed if the employee is entitled to reimbursement from the employer for a business expenditure but gives it up. *See Heidt v. Commissioner*, 274 F.2d 25, 28 (7th Cir.1959).

Form 2106, "Employee Business Expenses," has been developed by the IRS for use by employees in determining their allowable deductions from gross income for unreimbursed employee business expenses. At its core, this suit concerns the correct interpretation and use of Form 2106.

Form 2106 computes either excess reimbursement income or total unreimbursed expenses. Excess reimbursement income is calculated by subtracting business expenses paid by the employee from gross reimbursements for expenses received by the employee. Form 2106 instructs the taxpayer to: (1) add "excess reimbursement" to Form 1040, line 7 as income; or (2) add the unreimbursed business expenses to "job expenses and most other miscellaneous deductions" on Form 1040, Schedule A.

### A. Mr. Davoli's Form 1040

As originally filed, Mr. Davoli reported:

| | |
|---|---|
| $52,581.00 | Gross Reimbursements |
| $41,137.00 | Business Expenses Paid by Employee |
| $11,444.00 | Excess Reimbursements to Report in Income |
| $175,739.00 | Adjusted Gross Income |
| $23,211.00 | Itemized Deductions |
| $148,628.00 | Taxable Income |
| $42,708.00 | Tax Liability |

taxpayer to the Internal Revenue Service once the taxpayer produces credible evidence with respect to factual issues relevant to the litigation. *See* Internal Revenue Service Restructuring and Reform Act of 1998(Act), Pub.L. No. 105–206 § 3000, 112 Stat. 726–27 (1998). However, the Act applies "to court proceedings arising in connection with examinations commencing after [July 22, 1998]." *See id.* Inasmuch as Mr. Davoli filed this action on

### B. Mr. Davoli's First Amended Return

Plaintiff's FAR discloses the following:

| | |
|---|---|
| $102,547.00 | Gross Reimbursements |
| $41,137.00 | Business Expenses Paid by Employee |
| $61,410.00 | Excess Reimbursements to Report in Income |
| $225,705.00 | Adjusted Gross Income |
| $23,211.00 | Itemized Deductions |
| $198,594.00 | Taxable Income |
| $56,698.00 | Tax Liability |

### C. Mr. Davoli's Second Amended Return

With respect to the SAR, Mr. Davoli claimed:

| | |
|---|---|
| $0 | Gross Reimbursements |
| $41,137.00 | Business Expenses Paid by Employee |
| $41,137.00 | Total Unreimbursed Business Expenses |
| $123,158.00 | Adjusted Gross Income |
| $23,211.00 | Itemized Deductions |
| $96,047.00 | Taxable Income |
| $25,506.00 | Tax Liability |

■ Defendant incorrectly states Plaintiff "did not add *all* such reimbursements [$102,547.00] to 1988 income to arrive at the gross income reported on line 23 of the 1988 Form 1040, as amended." Defendant's Motion at 9 (emphasis in original). In fact, on the FAR, Mr. Davoli added all such reimbursements on Form 2106 and reduced said reimbursements by the business expenses paid by him in 1988 which was carried to Form 1040, line 7.[6] Thus, the $102,547.00 was a component of Plaintiff's 1988 adjusted gross income.

The $102,547.00 of gross reimbursement income reported as a component of 1988 adjusted gross income in the FAR pertains to tax years 1986 and 1987. Accordingly, the SAR was filed to reduce Mr. Davoli's

February 28, 1997, *see* Complaint, he maintains the burden of proof. *See Shepherd v. Commissioner*, No. 2244–98, 1999 WL 38533, at *1 (U.S.Tax Ct. Jan. 29, 1999).

6. $102,547.00 of gross reimbursements less $41,137.00 of expenses paid by employee totals $61,410.00 excess reimbursement income. This figure was added to Form 1040, line 7, of the taxpayer's 1988 FAR.

1988 adjusted gross income by this amount.

Plaintiff was never "reimbursed by his employer for expenses incurred and reported by Plaintiff on his 1988 tax returns in the amount of $41,137.00." Memorandum at 4–5.

Further, Defendant's assertion that Form 2106 (attached to Form 1040) contradicts Plaintiff's position is without merit. Mr. Davoli properly completed Form 2106 on the FAR. Form 2106 instructed the Taxpayer to subtract unreimbursed business expenses ($41,137.00) from gross reimbursement income ($102,547.00) to arrive at excess reimbursement income (61,-410.00). The excess reimbursement income was then carried to Form 1040, line 7. The SAR simply removes the $102,-547.00 of gross reimbursement income from the equation, leaving unreimbursed employee business expenses at $41,137.00. *See* Affidavit of Stesney at [unnumbered] 2.[7]

In view of the foregoing, the Court finds summary judgment should be granted in favor of Plaintiff. Having considered the pleadings and affidavits regarding this matter, the parties do not dispute Mr. Davoli's tax refund calculation. *See* Memorandum at 8; Affidavit at [unnumbered] 4. Thus, Plaintiff is entitled to a tax refund of $24,006.00 subject to any credits due Defendant and the correct calculation of statutory interest.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. # 15) is **DENIED.**

2. Plaintiff's Motion for Summary Judgment (Doc. # 19) is **GRANTED.** The Clerk of the Court is directed to enter judgment in favor of Plaintiff Michael J. Davoli in the amount of $24,006.00 subject to any credits due Defendant and the cor-rect calculation of interest pursuant to 28 U.S.C. § 2411.

---

7. The Court disagrees with Mr. Stesney's explanation concerning lines 8 and 9, Form 2106. He states, "[t]hus after the amendments to the 1988 return, line 6 is $41,137.00, line 7 is 0 and lines 8 and 9 are $41,137.00 because there is nothing on line 7 to subtract from line 6." Affidavit of Stesney at [unnumbered] 2. However, Form 2106 instructs if "line 6 is more than line 7, skip lines 8 and 9 and go to line 10." Here, line 6 would be $41,137.00 and line 7 would be 0. Accordingly, Mr. Davoli would proceed to line 10.