T.C. Memo. 2001-273

UNITED STATES TAX COURT

LIMITED GAMING OF AMERICA, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3370-99.　　　　　　　　Filed October 9, 2001.

<u>Thomas G. Potts</u>, for petitioner.

<u>Osmun Latrobe</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This matter is before the Court
on petitioner's Motion for Partial Summary Judgment and Brief in
Support and Addendum to Petitioner's Motion for Partial Summary
Judgment and Brief in Support, pursuant to Rule 121(a).[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Respondent filed a Notice of Objection to Petitioner's Motion for Partial Summary Judgment and Respondent's Memorandum of Authorities. Petitioner filed Petitioner's Reply to Respondent's Notice of Objection to Petitioner's Motion for Partial Summary Judgment. As explained more fully below, we will deny petitioner's Motion for Partial Summary Judgment.

### Background

By a notice of deficiency mailed to petitioner on July 1, 1998, respondent determined deficiencies in Federal income taxes due from petitioner for the fiscal years ended February 28, 1993 and 1994 in the amounts of $217,280 and $126,017, respectively.

Petitioner timely filed a petition in this case on February 19, 1999, and respondent timely answered on April 12, 1999.

Limited Gaming of America, Inc., hereinafter referred to as LGA or petitioner, is a Colorado corporation originally formed on May 5, 1991. LGA is a "C" corporation; it has a fiscal year ending on February 28.

On or about January 4, 1994, LGA caused to be formed Sunrise Island Timber Company, hereinafter referred to as Sunrise, a Florida general partnership, for the purpose of holding real property consisting of an island located in the Mississippi River. Sunrise was subsequently converted to a Florida limited partnership in February 1995.

For the fiscal year ended February 28, 1993, LGA filed its Federal Corporate Income Tax Return, reporting taxable income, before net operating loss deduction and special deductions, in the amount of $2,053,385. From that amount, LGA deducted a net operating loss of $974,231, reducing its taxable income to $1,079,154 and reported tax due in the amount of $839,766.

For the fiscal year ended February 28, 1994, LGA filed its Federal Corporate Income Tax Return, reporting taxable income in the amount of $3,224,801 and reported tax due in the amount of $649,738.

During 1995, Mr. Robert Lobato acquired ownership and control of LGA.

On February 7, 1996, both LGA and Sunrise filed Chapter 11 bankruptcy petitions with the Bankruptcy Court for the Northern District of Oklahoma.

On or about November 21, 1995, Mr. Lobato caused to have LGA prepare a Corporation Application for Tentative Refund (Form 1139), carrying back losses incurred by LGA during its fiscal year ended February 28, 1995, to its fiscal years ended February 28, 1993, and February 28, 1994. LGA claimed refunds for its fiscal years ended February 28, 1993 and 1994 in the amounts of $216,074 and $649,738, respectively. The claimed refunds were primarily based upon Mr. Lobato's decision to substantively consolidate both LGA and Sunrise for Federal income tax purposes.

In 1996, following receipt of the Form 1139 from LGA, respondent began an examination of LGA's fiscal years 1993 and 1994 Federal income tax returns. Respondent denied LGA's refund claims for the fiscal years ended February 28, 1993 and 1994 and determined deficiencies in Federal income tax for those years in the amounts of $217,280 and $126,017, respectively. The denial of the claimed refunds and the determination of deficiencies for the fiscal years 1993 and 1994 were premised, in part, on respondent's determination that LGA and Sunrise were separate legal entities during the fiscal year ended February 28, 1994.

During the pendency of its Chapter 11 proceeding, LGA argued that Sunrise should be disregarded, as a "sham" entity. LGA contended that Sunrise should be disregarded for Federal income tax purposes and that LGA was entitled to substantial Federal income tax refunds for the fiscal years ended February 28, 1993 and 1994.

After LGA and Sunrise filed their petitions in bankruptcy on February 7, 1996, an order was entered by the Bankruptcy Court setting May 31, 1996, as the deadline for filing proofs of claim.

On March 27, 1996, the IRS filed a proof of claim for unpaid taxes in the amount of $73,500. The content of the claim was as follows:

| Taxable Year | Type of Tax | Amount of Tax |
|---|---|---|
| 1994 | Corporate income tax | $5,000 |
| 1995 | Corporate income tax | 5,000 |
| 1995 | 3rd quarter FICA taxes | 25,000 |
| 1995 | 4th quarter FICA taxes | 25,000 |
| 1995 | 4th quarter FUTA taxes | 1,000 |
| 1996 | 1st quarter FICA taxes | 12,500 |
| Total | | 73,500 |

On April 14, 1997, after review of LGA's tax returns, the IRS determined that LGA owed neither the FICA nor the FUTA taxes set forth in the above-mentioned proof of claim and filed a pleading entitled "Notice of Withdrawal".

In June 1996, the IRS commenced an audit of petitioner's 1993-1995 corporate income tax returns. The audit was completed on May 6, 1997, and it was determined that LGA owed additional Federal income taxes for the fiscal years ended 1993 and 1994, as follows:

| Year | Type of Liability | Amount of Tax |
|---|---|---|
| 1993 | Corporate income tax | $1,023.00 |
| 1993 | Interest on unpaid income tax | 253.65 |
| 1994 | Corporate income tax | 301,660.00 |
| 1994 | Interest on unpaid income tax | 49,530.28 |
| Total | | 352,466.93 |

On May 26, 1997, the IRS prepared an amended proof of claim, showing total deficiencies in taxes and interest in the total amount of $352,466.93 for the fiscal years 1993 and 1994. The IRS filed a motion for leave to reinstate and amend its erroneously withdrawn proof of claim to claim the total tax liabilities for the years 1993 and 1994 in the amount of

$352,466.93.  After a hearing on the motion, the Bankruptcy Court ruled in its Memorandum Opinion filed October 1, 1997:

> The Motion is granted in part and denied in part. The Withdrawn Claim will be reinstated as to the corporate income taxes of LGA in its original amount of $5,000.00.  The IRS will not be allowed to amend the claim to reflect the increase which it seeks, nor will the IRS be allowed to file a completely new claim out of time for either the 1993 or 1994 income taxes of LGA.

### Discussion

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988); Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be made in a manner most favorable to the party opposing summary judgment.  See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

Petitioner's Contentions:

Petitioner's contentions, as contained in its motion for partial summary judgment filed November 8, 1999, may be summarized as follows:

Petitioner asserts that its motion for partial summary judgment encompasses the doctrine of collateral estoppel. In support of this contention, petitioner cites to a Memorandum Opinion filed by the Bankruptcy Court for the Northern District of Oklahoma on October 1, 1997, and a Memorandum Opinion filed by the Bankruptcy Court on December 18, 1998. Petitioner argues that the October 1, 1997, Memorandum Opinion determined that there were no income tax deficiencies for the fiscal year ended February 28, 1993, and that there was an income tax deficiency for the fiscal year ended February 28, 1994, in the amount of $5,000. Petitioner also appears to argue that the December 18, 1998, Memorandum Opinion[2] regarding the confirmation plans of

---

[2] On December 18, 1998, the Bankruptcy Court filed an Order Confirming Plan in which the Court ordered, inter alia:

> that in accordance with the terms of the Third Amended Plan of Reorganization the estates of Limited Gaming of America, Inc., Case No. 96-00395-M, and Sunrise Island, Ltd., Case No. 96-00396-M, be, and the same hereby are, substantively consolidated.

> It Is Further Ordered that all pleadings and papers related to the Sunrise Island Ltd. matter, Case. No. 96-00396-M, shall from the date of this Order be filed under Case No. 96-00395-M.

We also note that in paragraph 6y of its petition, the petitioner averred:

(continued...)

reorganization submitted by LGA somehow determined that Sunrise was not a separate entity.

Respondent's Contentions:

Respondent's contentions, as contained in Respondent's Memorandum of Authorities, may be summarized as follows:

Respondent notes that the parties' disagreement is based upon petitioner's erroneous premise that a bankruptcy court's determination as to the collectibility of a debtor's claim is the same as the determination of a deficiency in income tax. Respondent posits that petitioner's position is that respondent is collaterally estopped "from asserting any claims against Petitioner for additional deficiencies in corporate income tax and interest for the fiscal years ended February 28, 1993 and February 28, 1994."

Respondent states:

> The respondent is in complete agreement with this conclusion. The respondent agrees that it is

---

[2](...continued)
    On December 18, 1998, the Bankruptcy Court for the Northern District of Oklahoma issued an Order Confirming Plan * * *. In these documents the bankruptcy court substantively consolidated LGA and the Sunrise Island Timber Company general and limited partnership into one entity. In so doing the Court recognized the "sham" nature of the partnership and the fraudulent acts of self-dealing as well as asset transfers performed by Bleidt and Lobato-Bleidt. Therefore, the entity should be consolidated with LGA as a single entity in computing the federal corporate income tax liability of LGA for the years in issue.

collaterally estopped from collecting additional deficiencies in income taxes from the petitioner for the taxable years 1993 and 1994.

If that is the sum of petitioner's argument, then the dispute as to that issue is concluded.

Respondent observes that, unfortunately, that does not appear to be the ultimate aim of petitioner's argument.

Respondent notes that petitioner filed a Form 1139 claim with the IRS, applying for a refund of allegedly overpaid 1993 and 1994 Federal income taxes, based upon claimed losses in the taxable year 1995. The factual or legal grounds for the alleged loss were not indicated on the Form 1139.

Subsequently, on July 1, 1998, during LGA's bankruptcy proceeding, respondent issued the notice of deficiency for the taxable years 1993 and 1994, which notice is the basis for this case pending before the Court. Petitioner argues that petitioner's claim for overpayments (not yet proved) is to be applied, not against its actual tax liability for the taxable years 1993 and 1994, but only against the de minimis claim which respondent was allowed to collect in the bankruptcy proceeding.

Respondent submits that such an argument, as advanced by petitioner, is wholly contrary to established law.

Respondent also disputes petitioner's contention, inferred from petitioner's arguments that in substantively consolidating LGA's and Sunrise's bankruptcy proceedings, the Bankruptcy Court

determined that Sunrise was not a separate entity.  We agree with respondent.

In <u>Bachner v. Commissioner</u>, 109 T.C. 125, 130-131 (1997), affd. without published opinion 172 F.3d 859 (3d Cir. 1988), we stated:

> Under the principles established by the Supreme Court in <u>Lewis v. Reynolds</u>, 284 U.S. 281 (1932), a taxpayer's claim for refund must be reduced by the amount of the correct tax liability for the taxable year, regardless of the fact that the Commissioner can no longer assess any deficiency for the taxable year. In <u>Lewis v. Reynolds</u>, <u>supra</u>, the taxpayer filed a claim for refund alleging that certain deductions had been improperly disallowed by the Commissioner after the period of limitations on additional assessment had expired.  The Commissioner agreed with the taxpayer that the period of limitations had expired but denied a refund on the basis that the correct computation of tax resulted in additional tax.  The taxpayer argued that the Commissioner lacked the authority to redetermine the tax after the period of limitations had expired. The Supreme Court disagreed.

>> While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax. * * *
>>
>> * * * * * * *
>>
>> An overpayment must appear before refund is authorized.  Although the statue of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right to the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded. [<u>Lewis v. Reynolds</u>, <u>supra</u> at 283.]

> The doctrine established in <u>Lewis v. Reynolds</u>, <u>supra</u>, has been applied by this Court in the determination of an overpayment.  See <u>Connecticut Light</u>

& Power Co. v. Commissioner, 40 T.C. 597, 654-655
(1963), vacated and remanded pursuant to stipulation
(2d Cir., Feb. 15, 1965) (holding that the decision in
Lewis v. Reynolds, supra, was controlling and allowing
a reduction in an overpayment claimed by the taxpayer);
Estate of Carruth v. Commissioner, 28 T.C. 871, 880
(1957).  Applying the doctrine of Lewis v. Reynolds,
supra, to this case, we find that even though
assessment and collection of petitioner's tax liability
is now barred by the statute of limitations, respondent
has the right to retain prior timely payments to the
extent they do not exceed the amount of petitioner's
actual tax liability. [Footnotes omitted.]

Our above-mentioned holding in Bachner is equally applicable
to the facts in this case.  The Bankruptcy Court did not
determine LGA's tax liability for the taxable years 1993 and
1994.  That is abundantly clear from a review of the record in
this case.  We hold that respondent is not collaterally estopped
from determining petitioner's correct tax liabilities for taxable
years 1993 and 1994 in order to determine if there are tax
overpayments in those years because of a net operating loss
carryback from the taxable year 1995.

From our review of the record, we also find that the
question of whether or not LGA and Sunrise were separate entities
for tax purposes was not litigated by the Bankruptcy Court.  The
bankruptcy order confirming petitioner's third amended plan and
consolidating the bankruptcy estates of petitioner and Sunrise
makes no reference to the determination of Federal taxes.
Petitioner's third amended plan did not specifically state that
the substantive consolidation of the estates of petitioner and

Sunrise would allow petitioner to determine its Federal income taxes on a consolidated basis with Sunrise. The Bankruptcy Court's opinion does not state that substantive consolidation would permit petitioner to report its income taxes on a consolidated basis with Sunrise. The Bankruptcy Court limited substantive consolidation to the combining of assets and the cancellation of debts between the consolidated debtors. In re Ltd. Gaming of America, 228 Bankr. 275, 286 (Bankr., N.D. Okla. 1998).

We hold that respondent is not collaterally estopped from determining petitioner's Federal income taxes as a separate taxable entity.

Accordingly, for the reasons stated above, the Court will deny petitioner's Motion for Partial Summary Judgment.

An appropriate order

will be issued.